■ ANNETTE WEINGART et al., Respondents, v. DEAN ROBERTS, Appellant.— Motion by respondents to dismiss appeal, denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ SANTO BALDANZA, Respondent, v. ROAD LEASING CORP., Appellant.— In a negligence action to recover damages for personal injuries sustained by plaintiff when he fell from the second floor to the ground while employed on a construction project, defendant appeals from an order of the Supreme Court, Queens County, dated January 23, 1961, denying its motion to dismiss the complaint for plaintiff's unreasonable neglect to prosecute the action; such denial being on condition plaintiff shall serve and file a note of issue and a readiness statement for the March 1961 Trial Term. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.

■ 418 TRADING CORP., Appellant, v. BEATRICE M. PELLICCIO et al., Respondents.— In an action to foreclose a mortgage on real property, plaintiff appeals from an order of the Supreme Court, Westchester County, entered October 25, 1960, which conditionally opened the default in answering of defendant Beatrice M. Pelliccio, vacated the judgment entered upon her default and permitted her to serve an answer. Order reversed, without costs, and motion remitted to the Special Term for further proceedings consistent herewith. The moving papers fail to state facts sufficient to show that the defendant's default was due to mistake, inadvertence, surprise or excusable neglect (Civ. Prac. Act, § 108; *Eastern Dist. Realty Co.* v. *Kahane*, 277 App. Div. 784; *Heller* v. *Ward*, 10 A D 2d 633). In fact, as the Special Term stated, said defendant offered no valid excuse for her failure to litigate the issue which she attempted to raise on the motion to open her default, which appears to have been deliberate. Furthermore, no proposed answer was submitted setting forth a valid defense (cf. *Heller* v. *Ward, supra*). Upon this record, it was an improvident exercise of discretion to grant the motion. However, the motion was granted on condition that the defendant deposit $1,500 as security for damages to the plaintiff by reason of the delay in the sale of the mortgaged premises, and for the payment of tax arrears. Presumably that deposit has been made. The plaintiff should not be permitted to accept the benefits conferred by the order appealed from and at the same time to urge that it should be reversed as unauthorized. The motion to open the default should be denied if plaintiff shall stipulate to release the deposit and consent to an order directing its repayment to said defendant. If plaintiff shall not so stipulate and consent, the motion should be granted. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ LOUISE GAROFALO, Appellant, v. ROY GAROFALO, Respondent.— In a separation action, plaintiff wife appeals from an order of the Supreme Court, Queens County, dated January 10, 1961, which: (a) grants the defendant husband's motion to adjudge her in contempt for refusing to honor the visitation rights as to the child of the marriage, accorded to him by the judgment of said court, rendered July 5, 1960; (b) permits her to purge herself of the contempt by complying with the visitation provisions of the judgment; and (c) denies her cross motion for modification of said provisions and for a counsel fee. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.