■ GEORGE M. CHARLES, Individually and as Executor of MARY CHARLES, Deceased, Respondent, v. GLENS FALLS INSURANCE COMPANY et al., Appellants. (Three Actions.) — Order unanimously reversed, without costs, and motion denied. Memorandum: These actions to recover on three fire insurance policies were commenced by the service of summonses and complaints on April 11, 1968, approximately 16 months after the fires which had destroyed the insured premises in December, 1966. Answers were served on April 18, 1968 and notes of issue filed September 26, 1968. When the cases were called and moved for trial by defendants' counsel on February 3, 1969 plaintiff's attorney did not appear. As a reason for such nonappearance the attorney now states that he had previously talked with the court clerk and been informed that the cases would be adjourned. Defendants' motions to dismiss made on that date were granted, with a request by the court to withhold entry of judgment for a week in the event plaintiff's attorney wished to proceed with the actions and to make a motion to do so. This request was complied with and judgment of dismissal was not entered until February 11, 1969. Notice of entry was sent to plaintiff's attorney on February 13, 1969. Sometime during the two weeks following notice of entry of the judgment the court talked with plaintiff's counsel, also advising him of the action which had been taken and that, if he desired to proceed further with the actions, some action toward that end should be taken immediately. Despite this admonition, nothing was done to open plaintiff's default at that time. In May, 1969 plaintiff consulted his present attorney, who had been in the courtroom at the time of the dismissal, then representing a mortgagee of

the destroyed premises as well as being involved in the settlement of the estate of which plaintiff as executor and individually brings these actions. Plaintiff was then informed by his present attorney of the dismissal. The present motion to open the default was made on February 3, 1970. Special Term, although acknowledging that " no satisfactory explanation is offered for plaintiff's failure to appear in the first instance or to subsequently seek relief from his default ", granted the motion in the interests of justice, concluding that plaintiff has shown a meritorious cause of action. We have repeatedly held that in order to succeed on a motion of this type a party must show both a justifiable excuse for his default and the existence of a meritorious cause of action or defense. (*Owczarkowski* v. *Pawlicki*, 35 A D 2d 773; *Alaimo* v. *D & F Transit*, 35 A D 2d 776; *Inserra* v. *Porto*, 33 A D 2d 1092.) In the case before us plaintiff has offered an insufficient excuse for his failure to proceed when the case was called for trial; as Special Term stated. " Such attorney is well aware that the clerk of the court has no authority to adjourn a case as that authority rests with the court ". No excuse has been offered for the failure of both attorneys who represented plaintiff to move to open the default for a period of almost one year after entry of judgment of dismissal. Moreover, the existence of a meritorious cause of action is not evident from the pleadings before us. The complaint contained in the record alleges that the fire insurance policy under which recovery is sought was a standard form policy. Such a policy requires that an action thereon must be commenced within 12 months after the inception of the loss. (Insurance Law, § 168.) The date of the fires alleged in the complaint is approximately 15 months prior to the date on the summons. No allegation of waiver of the policy period of limitations is contained in the pleading. The answer sets forth the one-year limitation as an affirmative defense. Finally, we think defendants have been prejudiced by their inability to produce as a witness the police officer who executed an affidavit placing plaintiff in the vicinity of the premises under suspicious circumstances at the time of the fire, but who died subsequent to dismissal of the actions. The condition attached to the dismissal by the court by which defendants are enabled to introduce the deceased officer's brief affidavit does not cure this prejudice, for an affidavit does not necessarily carry the same weight with a jury as does a living witness. Upon all the circumstances of this case it was an improvident exercise of discretion to grant the motion. (Appeal from order of Jefferson Special Term, vacating default judgment.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.