■ LINCOLN FIRST BANK-CENTRAL, NATIONAL ASSOCIATION, Respondent, v JOE BOMBARD CHEVROLET, INC., et al., Defendants, and Frank J. Depo et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Plaintiff's actions based upon a promissory note and guarantee agreement were commenced by service of summonses and complaints on October 10, 1974. Defendants failed to interpose answers and default judg-

ments were entered three months thereafter. Defendants appeal from two orders denying their motions to reopen these judgments. We find no merit in defendants' contention that personal service was not properly effected and that the trial court therefore lacked jurisdiction with respect to both matters. Plaintiff complied with all of the proof requirements of CPLR 3215 (subd [e]) for entering default judgments and the affidavits of personal service set forth all of the necessary physical descriptions of defendants that are required by CPLR 306. The fact that discrepancies may exist between defendants' actual weights and their weights as set forth in the affidavits of service does not invalidate such service, particularly since all that is required is an approximation of weight. Additionally, defendants' allegations that they do not remember being personally served is insufficient to rebut the documentary proof that proper personal service was effected upon them. Nor do we find that defendants have set forth a valid excuse for their default. Throughout the period following the initiation of these actions, defendants were fully aware of their outstanding obligations due and owing to plaintiff and were warned by plaintiff of its intention to enter default judgments if answers to its complaints were not interposed. Not only did defendants thereafter allow default judgments to be entered, but they waited almost a year before moving to reopen them. Absent a showing of valid excuse for their default, Special Term properly denied defendants' motions to vacate the default judgments (CPLR 5015; *Charles v Glens Falls Ins. Co.,* 38 AD2d 669; *Wall v Bennett,* 33 AD2d 827). (Appeal from order of Onondaga Supreme Court—vacate default judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.