■  JEANNINE DECAPUA, an Infant by Her Parent and Natural Guardian, HOPE SCHLESING, et al., Appellants, v JOHN MORRISSEY, Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: In an action for personal injuries to the infant plaintiff, default judgment was entered in Supreme Court, Monroe County, in December, 1976 and set aside on motion of the defendant. We find that it was an improvident exercise of discretion to vacate the judgment, and we therefore reverse and reinstate the judgment entered December 27, 1976. The record is lacking facts which would establish excusable neglect, mistake or inadvertence (United Ind. Corp. v Shreiber, 51 AD2d 688, mot for lv to app den 39 NY2d 1015, cert den 429 US 1023; Charles v Glens Falls Ins., Co., 38 AD2d 669; Treo Enterprises v O'Neill, 36 AD2d 541) and is similarly devoid of facts constituting a meritorious defense or a proposed answer (Wall v Bennett, 33 AD2d 827; 418 Trading Corp. v Pelliccio, 13 AD2d 804; Heller v Ward, 10 AD2d 633). Further, defendant's attempt to establish lack of personal jurisdiction falls far short of the showing necessary to sustain defendant's burden in an action to set aside a default judgment (1 Weinstein-Korn-Miller, NY Civ Prac, par 306.10). Defendant's bare statement that he did not receive and was not served with a summons and complaint is insufficient to contest jurisdiction and "does not rise to the status of excusable default since he does not contend that the method of substituted service was not proper". (National Commercial Bank & Trust Co. v Ross, 40 AD2d 1046.) (Appeal

from order of Monroe Supreme Court—vacate default judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.