### In re CRS ARCHITECTURAL METALS CORP., Debtor.

### Norman A. SCHEFER, as administrator c/t/a of the Estate of Marvin L. Lindner, Plaintiff,

### v.

### CRS ARCHITECTURAL METALS CORP., Defendant.

### Bankruptcy No. 79–B–74.

United States Bankruptcy Court, E. D. New York, At Westbury.

Dec. 27, 1979.

■

---

Weber, Thompson & Rosenberg, Hauppauge, N. Y., for debtor; William E. Weber, Hauppauge, N. Y., of counsel.

Hofheimer, Gartlir, Gottlieb & Gross, New York City, for estate of Marvin L. Lindner; Gary Jacobson, New York City, of counsel.

ROBERT JOHN HALL, Bankruptcy Judge.

The administrator c/t/a of the Estate of Marvin L. Lindner, owner and landlord of the premises at 570 Union Avenue, New Cassel, New York, (hereinafter "landlord") moved this Court for an order directing the debtor-in-possession CRS Architectural Metals Corp. (hereinafter "CRS") to pay the landlord use and occupancy in accordance with an order of the Court dated August 27, 1979 ("August Order"). The question before the Court is whether CRS must pay the real estate taxes when the landlord submits its bill to the tenant, or whether CRS may apportion the real estate taxes and pay them on a monthly basis. For the reasons set forth below, the Court holds that CRS may apportion the taxes and pay them on a monthly basis.

I.

On August 29, 1973, CRS entered into a lease agreement with Marvin L. Lindner which included the following provision:

"Tenant shall pay to Landlord, as additional rent, upon demand and submission of a photostatic copy of a tax bill(s) or other bill as the case may be covering all real estate taxes, assessments, sewer and water charges, fees, et cetera levied against the entire demised premises, or any part thereof by any governmental or quasi-governmental body during the demised term."

On January 10, 1979, CRS filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Thereafter, on January 15, 1979 CRS was authorized to operate and manage the business and property of the debtor as debtor-in-possession. Subse-

quently, the landlord commenced an action to dispossess CRS from the premises it was occupying. On August 27, 1979 this Court entered the August Order ordering CRS to pay for the use and occupancy of the premises.[1] The August Order contained the following paragraph:

"ORDERED that CRS Architectural Metals Corp. pay for use and occupancy of the subject premises known as 570 Union Avenue, New Cassel, New York, from January 5, 1979, the date defendant filed its petition pursuant to Chapter XI of the Bankruptcy Act on the same terms and on the same rental as set forth in the original Lease between the plaintiff and the defendant dated August 29, 1973, i. e., $1,600 per month plus all real estate taxes, utilities, water and other carrying charges . . ."

This dispute arises from the interpretation of the aforementioned paragraph.

CRS contends that advance payments for taxes is an undue hardship and that "use and occupancy" means that CRS may divide the taxes into monthly payments and forward them on that basis to the landlord. The landlord contends that "use and occu-pancy" as ordered by the Court requires CRS to pay the tax bills pursuant to the exact terms of the lease, i. e., that the tenant shall pay the real estate taxes when a bill is rendered to the tenant by the landlord. Should the Court accept the landlord's contention, CRS would be forced to make advance payment of taxes.

## II.

■ It appears to be the rule in this circuit that a debtor-in-possession under Chapter XI is not the same entity as the pre-bankruptcy company; but is a new entity with its own rights and duties, subject to the supervision of the Bankruptcy Court. *Allegaert v. Perot*, 548 F.2d 432, 435–436 (2d Cir. 1977), cert. denied 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084 (1977);[2] *Truck Drivers Local U. No. 807 v. Bohack Corp.*, 541 F.2d 312, 320 (2d Cir. 1976), cert. denied 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978); *Brotherhood of Railway Clerks v. REA Express, Inc.*, 523 F.2d 164, 167 (2d Cir.), cert. denied 423 U.S. 1017, 1073, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975, 1976); *Shopmen's Loc. U. No. 455, Etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d

---

1. It should be noted that the August Order was entered pursuant to a stipulation entered into by the parties in open court on August 21, 1979.

2. *Allegaert v. Perot*, dealt with the enforceability of an executory arbitration contract against a trustee-in-bankruptcy. The trustee contended that he was not the same entity as the Bankrupt, and was therefore not bound by the Bankrupt's executory arbitration contracts. The United States Court of Appeals, Second Circuit agreed, holding that:

". . . The trustee's position that he and the bankrupt are different legal entitles [sic] is certainly correct. We said precisely that in *Shopmen's Local 455 v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975), where we pointed out that a bankruptcy trustee is '[a] new entity . . . with its own rights and duties, subject to the supervision of the bankruptcy court.' We again emphasized the point the following month in *Brotherhood of Railway Clerks v. REA Express, Inc.*, 523 F.2d 164, 167 (2d Cir.), cert. denied, 423 U.S. 1017, 1073, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975, 1976)." *Id*, at 435–436.

The Second Circuit in *Allegaert*, by applying the "new juridicial entity" concept in a case involving an executory *arbitration contract*, ap-parently reversed the position it took in *In re Unishops*, 543 F.2d 1017 (2d Cir. 1976). There the Second Circuit cautioned that:

". . . the language in *Shopmen's Local Union No. 455 etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975), stating that '[a] debtor-in-possession under Chapter XI . . . is not the same entity as the pre-bankruptcy company' *should not be extended as a generalization in cases other than those involving labor collective bargaining agreements* where the claim is that Section 8(d) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(d), precludes disaffirmance of the labor agreement in a Chapter XI proceeding without taking the steps required under Section 8(a) of the Labor Act; or under the Railway Labor Act, 45 U.S.C. § 151 et seq., see *Brotherhood of Railway etc. Employees v. REA Express, Inc.*, 523 F.2d 164, 170 (2d Cir. 1975), cert. denied, 423 U.S. 1017, 96 S.Ct. 451, 46 L.Ed.2d 388 (1976). We noted in *Truck Drivers Local Union No. 807 v. The Bohack Corporation*, decided August 9, 1976, 541 F.2d 312, 319–320, 2 Cir., *that the language used should be so limited*." *Id*, at 1018–1019. (emphasis supplied)

Cir. 1975); *In re W. T. Grant Co.,* 474 F.Supp. 788, 793 (S.D.N.Y.1979).[3]

 Therefore, unless the debtor-in-possession assumes the lease, which in this case it has not, the debtor-in-possession is not subject to all the duties of the pre-bankruptcy company under the lease agreement. When the debtor-in-possession continues in possession of the premises without assuming the lease, it is liable *only* for actual use and occupancy of the property. *American A & B Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 125 (2d Cir. 1960). This is an equitable right based upon the reasonable value of the use and occupation. *In re United Cigar Stores Co.,* 69 F.2d 513, 515 (2d Cir. 1934).

The Second Circuit has stated:

. . . Indeed, it is most apparent from those cases which hold that the measure of compensation to *which the lessor is entitled is not the amount due under the contract or lease but the fair value of the benefit conferred upon the estate that the purpose of according priority in these cases is fulfillment of the equitable principle of preventing unjust enrichment of the debtor's estate, rather than the compensation of the creditor for the loss to him.* [citations omitted] *American A. & B. Coal Corp. v. Leonardo Arrivabene, S.A.,* supra, at 126 (emphasis supplied)

 The fair value of the benefits conferred upon the estate would include the taxes as they accrue on a monthly basis. The payment of the taxes on a monthly basis would prevent the unjust enrichment of the debtor's estate. The landlord may have to prepay taxes to the governmental unit on a quarterly basis, however, "use and occupancy" does not require that this burden be shifted to the debtor-in-possession.

3. It is unclear what effect, if any, the Bankruptcy Reform Act of 1978 has on these cases, which hold that a debtor-in-possession and the debtor are different juridicial entities.

11 U.S.C. § 1101(1) provides that:

"In this chapter—

(1) *'debtor-in-possession' means debtor* except when a person that has qualified under

The Court's August Order, requiring CRS to pay for use and occupancy of the premises on the same terms and on the same rental as set forth in the original lease, must be interpreted in conjunction with the concept of "use and occupancy".

In view of the foregoing, it is

ORDERED, that CRS be, and it hereby is, authorized to apportion the real estate taxes payable to the landlord, and pay the same on a monthly basis.

section 322 of this title is serving as trustee in the case." (emphasis supplied)

The question is whether the phrase "debtor-in-possession means debtor," means that in Chapter 11 the terms are interchangeable, or whether it means that the debtor-in-possession and the debtor are the same legal entity.