In re THE GENERAL STORE OF BEVERLY HILLS, a California Corporation, Debtor.

The OFFICIAL CREDITORS COMMITTEE IN the ESTATE OF THE GENERAL STORE OF BEVERLY HILLS, Debtor, Appellant,

v.

The BEVERLY ALMONT COMPANY and David A. Gill, Trustee in the Estate of The General Store of Beverly Hills, Appellees.

BAP No. 80-0023 DHG.
Bankruptcy No. 79-22114 (LA).

United States Bankruptcy Appellate Panels, Ninth Circuit.

Argued Nov. 20, 1980.

Decided May 7, 1981.

Arthur A. Greenberg, Sherman Oaks, Cal., for appellant.

Charles J. Katz, Gary J. Miller, Los Angeles, Cal., for appellees.

Before DAVIS, HUGHES and GEORGE, Bankruptcy Judges.

## MEMORANDUM OF OPINION

EDWARD E. DAVIS, Bankruptcy Judge:

This appeal was brought by the creditor's committee in the bankruptcy of The General Store of Beverly Hills. The committee appeals an order of the bankruptcy court approving an agreement between the trustee, David A. Gill, appellee herein, and the debtor's landlord, The Beverly Almont Company, to compromise the trustee's appeal from the bankruptcy court's earlier judgment in favor of the landlord in a reclamation proceeding. The appellant contends first that approval of the compromise constitutes reversible error and second that the bankruptcy judge abused his discretion in considering the application since the parties were seeking compromise of an appeal taken from a decision he had rendered.

The debtor filed a petition seeking an order of relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1146 (1978), and later converted the case to a Chapter 7 liquidation, 11 U.S.C. §§ 701–28 (1978). The Beverly Almont Company instituted a reclamation proceeding to recover possession of the property it leased to the debtor. The bankruptcy court rendered judgment in favor of the creditor, terminated the lease because of numerous material breaches, and returned possession of the property to the lessor. The debtor filed notice of appeal from the bankruptcy court's decision to the bankruptcy appellate panels of the ninth circuit.

Subsequently, the trustee filed with the bankruptcy court an application to compromise the controversy and dismiss the appeal. Prior to the hearing on the application the bankruptcy appellate panels entered an order referring the matter back to the trial judge for the limited purpose of hearing and acting on the application to compromise. The creditor's committee opposed the proposal to compromise the appeal since the compromise would yield no return to the general creditors of the estate. At a hearing on the application the bankruptcy court considered the costs of appeal and the likelihood of success and determined that because of the numerous breaches of the lease, the difficulty of re-letting the premises, and the lease provision on sub-letting, acceptance of the offer of compromise was in the best interest of the estate. The court entered an order approving the compromise and dismissing the appeal. The official creditor's committee appeals from that order.

■ It is well established that unsecured creditors of an estate have standing to appeal from an adverse decision of the bankruptcy court. *Rogers v. Bank of America National Trust & Savings Association*, 142 F.2d 128, 129 (9th Cir. 1944). Although it is not clear that a creditor's committee as an entity has standing to bring an appeal, the standing of the individual creditors provides a sufficient basis to permit the appeal.

■ Fed.R.Bankr.P. 919(a) authorizes compromise of settlement of controversies that arise during the administration of a debtor's estate. The rule provides that on application of the trustee and after a hearing the court may approve compromise or settlement of any controversy. The function of compromise is to avoid litigation involving delay and expense unless there appears to be a sound legal basis for the litigation and a likelihood of substantial ultimate benefit to the estate. *Scott v. Jones*, 118 F.2d 30, 32 (10th Cir. 1941). Approval of compromise is appropriate if the court finds that the outcome of litigation is doubtful, but even when a compromised dispute was based on a substantial foundation and was not clearly invalid as a matter of law, approval of compromise is not an abuse of the court's discretion. *A & A Sign Co. v. Maugham*, 419 F.2d 1152, 1155 (9th Cir. 1969); *In re California Products Co.*, 183 F.2d 946 (9th Cir. 1950). The court should consider a number of factors in ruling on a request to compromise a dispute, including the expense, benefits, hazards, and complexity of litigation. In addition, the court should consider the time required to litigate the matter and whether disallowance of the settlement would result in waste of the estate's assets. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). The opposition of the creditors of the estate to approval of a compromise may be considered by the court, but is not controlling and will not prevent approval of the compromise where it is evident that the litigation would be unsuccessful and costly. *See* J. Moore & R. Oglebay, 2A Collier on Bankruptcy ¶ 27.04 at 1093 (14th ed. 1978).

■ Compromise by a trustee of a right to appeal from an adverse decision of the bankruptcy court is permissible under Fed. R.Bankr.P. 919(2) and is subject to the same requirements as compromise of other disputes. *See In re Anderson Thorson & Co.*, 125 F.2d 325, 326 (7th Cir. 1942).

■ The Ninth Circuit Court of Appeals articulated the standard for appellate review of an order approving compromise in *In re California Products Co.*, 183 F.2d 946

(9th Cir. 1950). The court, noting that the rule grants authority to approve compromises in broad and unlimited terms, stated that only clear abuse of discretion should result in reversal on appeal. The focus of the inquiry in reviewing an approval of compromise is whether the settlement agreed to by the trustee is reasonable given the particular circumstances of the case. *E. g., In re Equity Funding Corp.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *In re Blair, supra*, at 851. Thus, the issue before this court is whether the compromise was reasonable and thus not an abuse of the bankruptcy court's discretion.

In ruling on the application to compromise, the court weighed the factors outlined in the cases decided by the Ninth Circuit Court of Appeals. Approval of the compromise was reasonable in light of the circumstances of the case and was not an abuse of the discretion vested in the court by Fed.R.Bankr.P. 919(a).

Finally, the appellant asserts that in accordance with 28 U.S.C. § 455(a) (Supp. 1980) the bankruptcy judge should have disqualified himself from hearing and ruling on the motion to compromise. The appellant, however, did not raise the issue and request recusal prior to the hearing before the bankruptcy judge, rather, appellant raises the issue for the first time in this appeal.

Section 455(a), 28 U.S.C. 455(a) (Supp.1980), provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute imposes a reasonable person standard: the query under the provision is whether a reasonable person could infer partiality on the basis of the facts presented to the reviewing court. On review the sole question is whether in hearing the matter the judge abused the substantial discretion vested in him by the statute. *E. g., Mayberry v. Maroney*, 558 F.2d 1159 (3rd Cir. 1977); *Fortner and Perrin, Inc. v. Smith*, 327 F.2d 801, 808–09 (9th Cir. 1964). The bankruptcy judge did not, by hearing the application to compromise the appeal from his prior decision, abuse his discretion in derogation of 28 U.S.C. § 455(a) (Supp.1980).

For the foregoing reasons, the decision of the bankruptcy court is affirmed.