In re FIDELITY AMERICA FINANCIAL CORPORATION, Debtor.

In re FIDELITY AMERICA MORTGAGE CO. (A Pennsylvania Corporation), Debtor.

In re FIDELITY AMERICA MORTGAGE CO. (A Delaware Corporation), Debtor.

In re FIDELITY AMERICA MORTGAGE CO. (A Nevada Corporation), Debtor.

In re NESHAMINY OFFICE BUILDING ASSOCIATES (A Pennsylvania Limited Partnership), Debtor.

Bankruptcy Nos. 81–00385G, 81–00386G, 81–00387G, 81–00388G and 81–00391G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 28, 1984.

Alexander N. Rubin, Jr., Robert Szwajkos, Rubin, Quinn & Moss, Philadelphia, Pa., for Norman M. Kranzdorf, Trustee.

Leonard M. Klehr, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for Limited Partners of Neshaminy Office Building Associates.

Charles M. Golden, Weiss & Golden, Philadelphia, Pa., for Fidelity America Mortgage Corporation and Neshaminy Office Building Associates.

Norman M. Kranzdorf, Bala Cynwyd, Pa., Trustee.

Nathan Lavine, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Neshaminy Plaza Associates.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for secured mortgage noteholders in FAMCO.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., and Lawrence R. Scheetz, Williams and Scheetz, Richboro, Pa., for creditors' Committee in FAMCO.

Elizabeth K. Heinze, Drexel Hill, Pa., Chairperson, unsecured creditors' committee in FAFCO.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue at bench is whether we should approve the settlement of a controversy involving a limited partnership, of which the debtor is the general partner, over the objection of certain of the limited partners. For the reasons stated herein, we will overrule the objection and approve the settlement.

The facts of the case are as follows:[1] Neshaminy Plaza Associates ("NPA") and Fidelity America Mortgage Company ("FAMCO") entered into an installment agreement for the sale of land and an

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

office building by NPA to FAMCO. On the same day, FAMCO sold the office building, retaining the land, to Neshaminy Office Building Associates ("NOBA"), a limited partnership of which FAMCO is the general partner. Following FAMCO's alleged default on its agreement, NPA repossessed the property, and also instituted an action in ejectment in state court which resulted in a judgment in its favor. In February of 1981, Fidelity America Financial Corporation ("FAFCO") and its affiliates, including FAMCO, each filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"), which cases are being jointly administered. At the same time, NOBA also filed a petition for reorganization. A hearing was held on FAMCO and NOBA's subsequent application for a clarification of the automatic stay which asserted that the property repossessed by NPA was property of their estates. This raised the issue of whether there had been a failure to make the required installment payments which resulted in a termination of the sale agreement prior to the bankruptcy. No decision had been rendered by the time a trustee for FAFCO and FAMCO was appointed and a moratorium commenced with respect to all pending litigation. In November of 1982, following an unsuccessful attempt to open the state court judgment, the trustee negotiated a settlement of the controversy with NPA which provided for the dismissal of the application on NPA's payment of $5,000.00. Certain of NOBA's limited partners have objected.

■■ NPA asserts that the limited partners do not have standing to file the instant objection in view of their limited status which is devoid of the right of participation in NOBA's operation.[2] While we reject that argument because the limited partners are parties in interest with at least the right to be heard,[3] we conclude that the grounds for the objection do not warrant our denying approval of the settlement.

■■ A trustee in a reorganization proceeding is authorized to compromise or settle claims with the approval of the court, pursuant to Bankruptcy Rule 9019, with such approval resting within the sound discretion of the bankruptcy judge. *Fogg v. Sherman Homes, Inc. (In re Sherman Homes, Inc.),* 28 B.R. 176 (Bankr.D.Me. 1983); *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 13 B.R. 764 (Bankr.N. D.Ga.1981); *Drexel v. Loomis,* 35 F.2d 800 (8th Cir.1929). In deciding whether to approve a settlement, the court must determine whether it is in the best interest of the estate.[4] *Fogg,* 28 B.R. 176; *Tidewater,* 13 B.R. 764; *In re W.T. Grant Co.,* 4 B.R. 53 (Bankr.S.D.N.Y.1980); *Drexel,* 35 F.2d 800. In support of their objection to the approval of the settlement, the limited partners assert that the settlement is not in the estate's best interest. We do not agree with this assessment. The application for approval of the settlement includes the statement that reinstating the pre-petition sale agreement would require the curing of deficiencies exceeding $500,000.00 for a

**2.** Pennsylvania law defines a limited partnership as: "an entity in which one or more persons, with unlimited liability, manage the partnership, while one or more other persons only contribute capital; these latter partners have no right to participate in the management and operation of the business and assume no liability beyond the capital contributed." *Freedman v. Tax Review Board,* 212 Pa.Super. 442, 243 A.2d 130 (1968), *aff'd,* 434 Pa. 282, 258 A.2d 323 (1969).

**3.** The interest of a limited partner in a partnership is included under the definition of a holder of an equity security of the debtor with the right

to be heard on issues in cases under chapter 11. 11 U.S.C. §§ 101(15)(B), (16), 1109(b).

**4.** Relevant criteria which the court may consider include:

(a) The probability of success in the litigation; (b) the difficulties if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Fogg,* 28 B.R. 176; *Tidewater,* 13 B.R. 764; *Grant,* 4 B.R. 53; *Drexel,* 35 F.2d 800.

property which did not generate a positive cash flow. Therefore, even if FAMCO and NOBA succeeded in recovering the property,[5] the expenditure necessary to cure the default would not necessarily be warranted in view of the nature of the property. At the evidentiary hearing, the trustee argued that the stipulation represented a fair settlement of extensive negotiations over the past year. Given these facts, we are reluctant to rule that the settlement is not in the best interest of the estate.

■ The limited partners also assert that the trustee's settlement of the controversy for $5,000.00 would be tantamount to his sale of NOBA's rights under the sale agreement. Because these rights, in turn, comprise all of NOBA's assets, they contend that the sale is not permissible under § 363(b) of the Code.[6] We reject this contention on two bases. In the first place, we do not equate the settlement of a controversy over conflicting claims to property with the sale of that property. In the second place, even if a sale analogy were appropriate, we note that property of the estate is generally defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Because the disputed issue is whether the real estate in question is, in fact, property of the estate, we reject the limited partners' argument which presupposes the existence of an interest which has not been determined by this court.

■ Finally, we reject the limited partners' contention that the trustee's entry into the stipulation providing for the settle-

ment, as the representative of FAMCO both in its own right and as a general partner of NOBA, constitutes a breach of the trustee's fiduciary duty as general partner to the limited partners of NOBA.[7] The trustee is not the same entity as the pre-bankruptcy debtor, but is a new entity with his own rights and duties, subject to the supervision of the bankruptcy court. *Skeen v. Harms (In re Harms),* 10 B.R. 817 (Bankr.D.Colo.1981); *Schefer v. CRS Architectural Metals Corp. (In re CRS Architectural Metals Corp.),* 1 B.R. 729 (Bankr.E.D.N.Y.1979). The trustee acts as the representative of the estate, managing its funds for the benefit of its creditors. 11 U.S.C. § 323(b); *In re Obie Elie Wrecking Co.,* 35 B.R. 114 (Bankr.N.D.Ohio 1983). In entering into a stipulation of settlement which is in the best interest of the estate and its creditors, the trustee is not in breach of any duty.

Because we find that the limited partners' objection to the settlement is without merit, and that the settlement is in the best interest of the estate, we will overrule the objection and approve the stipulation of settlement.

---

**5.** The presence of a state court judgment for NPA in its action in ejectment does not militate in favor of eventual probable success for FAMCO and NOBA in this court.

**6.** While § 363(b) of the Code provides that the trustee may sell property of the estate other than in the ordinary course of business, 11 U.S.C. § 363(b), some courts have limited the trustee's power to sell substantially all of the assets of the estate. *See, e.g. Committee of Equity Security Holders v. Lionel Corporation (In re*

*Lionel Corporation)* 722 F.2d 1063 (2d Cir.1983); *Appeal of Creditbank N.V. (In re Brookfield Clothes, Inc.),* 31 B.R. 978 (S.D.N.Y.1983); *In re White Motor Credit Corporation,* 14 B.R. 584 (Bankr.N.D.Ohio 1981).

**7.** A general partner in a limited partnership owes a fiduciary duty to the limited partners. *Dixon v. Trinity Joint Venture,* 49 Md.App. 379, 431 A.2d 1364 (1981); *Boxer v. Husky Oil Co.,* 429 A.2d 995 (Del.Super.1981); *Klein v. Weiss,* 284 Md. 36, 395 A.2d 126 (1978).