OPINION OF THE COURT
Thomas E. Mercure, J.
The within personal injury action was, plaintiff alleges, commenced with respect to defendant John Luizzi on October 26, 1982, by substituted service of the summons and complaint upon him, pursuant to CPLR 308 (2), by personal service of same upon his daughter, Frances Luizzi, a person of suitable age and discretion, on that date at his residence at 146B Church Road, *191 Albany, New York. It is further alleged that thereafter an additional copy of the summons and complaint was mailed to plaintiff at the same address and that the original affidavit of service thereof was filed in the Schenectady County Clerk’s office on November 1, 1982, both pursuant to the further requirement of CPLR 308 (2). It is further alleged that plaintiff’s attorneys thereafter mailed a letter to said defendant, addressed to him at the same address, on March 22,1983, which letter was intended to and did further inform him of the fact that the action had been commenced on October 26,1982, and requested that he advise them if he “turned this over” to his insurance company and the name of the company. It is further alleged that the corporate defendant was served pursuant to Business Corporation Law § 306 (b) by delivery of the summons to the Secretary of State on October 8, 1982.
Neither of the above defendants appeared in the action, answered the complaint, made a motion to extend the time to answer or responded to the March 22, 1983 letter. On June 24, 1983, plaintiff obtained a default judgment against both defendants. On March 27, 1984, an inquest on the issue of damages was conducted before this court (Cerrito, J.), a determination was made that the action was duly commenced against both defendants, and damages were awarded in the amount of $25,000, judgment for which was entered in Schenectady County on April 25, 1984.
Thereafter and by order to show cause dated August 13,1984, and returnable August 23,1984, defendants moved pursuant to CPLR 5015 (a) (4) to vacate the default judgment. In support of the motion, defendants offered only an affidavit of John Luizzi, sworn to August 13, 1984, wherein it was alleged that he was never served with nor received a summons, complaint or any other legal papers concerning the action and had no notice of its commencement. The motion was heard by this court (Cerrito, J.) on September 20, 1984, a written decision was rendered on November 26, 1984 denying the motion upon the authority of Decapua v Morrissey (60 AD2d 754), and an order was entered thereon on December 12, 1984.
Defendants now make separate motions, pursuant to CPLR 2221, to renew and reargue the prior motion. The court makes an initial determination that, as a result of the retirement of Mr. Justice Cerrito as of December 31,1984, of which judicial notice is taken, he is unable to hear the motions and that I am, accordingly, empowered to hear the same (CPLR 2221).
On the motion to reargue, defendants contend that the affidavit of substituted service upon defendant John Luizzi was not *192 before Justice Cerrito on the prior motion and that he could not, accordingly, properly consider or decide the motion. On the motion to renew, defendants make the same argument concerning the affidavit of service and, further, offer an affidavit of Frances Luizzi, the person alleged in the affidavit of service to have been delivered the summons and complaint at John Luizzi’s residence. In her affidavit, she alleges that she was never served with the papers. Defendants concede that the information contained within this affidavit was available to them at the time of the initial motion to vacate the default judgment, but allege that the information was not submitted because the affidavit of service was not before the court.
The court feels that the affidavit of Frances Luizzi raises substantial issues requiring the granting of the motion to renew. The assertion of defendant Luizzi on the motion to vacate the default judgment to the effect that he had never received any legal papers in this action was sufficient to shift the burden to plaintiff to establish proper service because of the fact that the mailing of an additional copy of the summons directly to him was an essential element of proper service. At the very least, it was then incumbent upon plaintiff to come forward with the affidavit of service so as to present prima facie evidence of service. It appears that plaintiff’s attorneys did intend to annex a copy of the affidavit to their papers in opposition to the motion to vacate the default judgment, but that the affidavit was inadvertently omitted. Had the affidavit of service been produced, defendants would undoubtedly have come forward then with the present affidavit of Frances Luizzi.
Although there is a relative scarcity of case law interpreting CPLR 5015 (a) (4), and the court has been unable to locate a case determining the precise effect of an assertion of nonreceipt of process in connection with a motion to vacate a default judgment for lack of personal jurisdiction under that section, the court has located authority directly in point under the highly analogous motion to dismiss for lack of personal jurisdiction under CPLR 3211 (a) (8). In Empire Natl. Bank v Judal Constr. (61 AD2d 789, 790), the Appellate Division, Second Department, held that an affidavit of service is not conclusive once there is a sworn denial of receipt. In such case, the plaintiff is required to establish facts showing proper service, “and the asserter of these facts must be made available for cross-examination” (see also, De Zego v Bruhn, 99 AD2d 823). The authority relied upon by Justice Cerrito, Decapua v Morrissey (60 AD2d 754, supra) is not in point. In that case, it appears that the defendant was served by substituted service and merely asserted that he was not served *193 with the summons and complaint. In the case of substituted service, the defendant would not be “served” (if the word “served”, as used, is equated with personal delivery, as a layperson normally would), so the assertion is not inconsistent with proper service. In this case, the person alleged to have been personally handed the papers says that she was not.
It should be noted that on a motion such as this under CPLR 5015 (a) (4), the only issue before the court is whether there was proper service. “Absent proper service, a default judgment is a nullity, and, once it is shown that there was no service, the judgment must be unconditionally vacated * * * Whether or not the defendant has a meritorious defense is irrelevant to the question of whether the judgment should be vacated for a lack of jurisdiction * * * The existence of a meritorious defense only becomes significant in determining whether to open a default once it is clear that service has properly been made” (Shaw v Shaw, 97 AD2d 403, 404). This being the case, the court believes that the standard to be applied in determining the existence of personal jurisdiction on a CPLR 5015 (a) (4) motion to vacate is identical to that on a CPLR 3211 (a) (8) motion to dismiss.
For the reasons stated above, the motion to renew is granted as to defendant John Luizzi. No valid issue having been raised as to the validity of service on defendant Luizzi Enterprises, Inc., the motions to renew and reargue are denied as to it. The matter shall be scheduled for a hearing in the County of Schenectady during the third term of 1985, which term commences March 4, 1985.