**In re Joseph Robert DEPO, Frank Depo a/k/a Frank J. Depo, Debtors,**

**v.**

**CHASE LINCOLN FIRST BANK, N.A., Respondent.**

**No. 87–CV–496.**

United States District Court, N.D. New York.

Sept. 11, 1987.

---

Frank J. & Joseph Robert Depo, pro se.

Bond Schoeneck & King, Syracuse, N.Y., for Chase Lincoln; William R. Moriarity, of counsel.

Grass Balanoff Costa & Whitelaw, Syracuse, N.Y., for Trustee; Mary Lannon Fangio, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Frank and Joseph Depo (the "Depos"), debtors in a Chapter VII proceeding, appeal from a decision of the United States Bankruptcy Court for the Northern District of New York (Stephen D. Gerling, Bankr. J.), dated February 11, 1987, which approved a settlement by the Trustee of all of the Depos' claims against Chase Lincoln First Bank, successor in interest to Lincoln First Bank, N.A. ("Lincoln"). For the reasons set forth below, the court affirms the decision of the Bankruptcy Court.

### BACKGROUND

On October 5, 1978, the Depos filed individual petitions under Chapter XII of the Bankruptcy Act of 1898. In late 1981, the Depos, as debtors in possession, commenced a separate adversarial proceeding in Bankruptcy Court against Lincoln, alleging that Lincoln had dealt with the Depos in bad faith when it obtained two state court judgments by default and in the Depos' efforts to obtain financing to buy out Joe Bombard Chevrolet, Inc.[1] Lincoln moved in that proceeding for summary judgment alleging lack of subject matter

---

1. The claims of the adversarial proceeding are more fully described in *In re Depo*, 40 B.R. 537 (N.D.N.Y.1984). Familiarity with that opinion is assumed.

jurisdiction, failure to state a claim upon which relief may be granted, lack of standing, *res judicata,* collateral estoppel, the statute of limitations, and the statute of frauds. In a *Memorandum Decision, Findings of Fact, Conclusions of Law and Order* dated April 1, 1983, the Bankruptcy Court dismissed the Depos' complaint against Lincoln for lack of subject matter jurisdiction. On appeal of that matter, this court reversed finding that Lincoln had consented to Bankruptcy Court jurisdiction by filing a proof of claim in the bankruptcy proceeding and remanded for a Bankruptcy Court determination as to whether other jurisdictional bars might apply, specifically, whether the litigation involved the individual debtors directly, or collateral third parties.[2] *Id.* The remand also directed the Bankruptcy Court to consider other claims raised by Lincoln in its summary judgment motions.

Before the Bankruptcy Court had an opportunity to make the determinations required by this court, the debtors' attorney offered to settle the claims against Lincoln. Although Lincoln agreed to the terms of the settlement, the Depos refused to settle. Subsequently, on June 17, 1985, the Bankruptcy Court adjudicated the debtors bankrupt, converted the debtors' Chapter XII proceeding to a Chapter VII proceeding, and appointed Michael J. Balanoff Trustee for the purpose of liquidating the Depos' estate. The order was affirmed by this court on October 24, 1985. On July 11, 1986, debtors filed an appeal with the United States Court of Appeals for the Second Circuit. By Order dated October 30, 1986, the Court of Appeals dismissed the debtors' appeal as untimely.

After the appointment of the trustee, Lincoln agreed to settle all claims which the debtors may have had against the bank for $20,000. On December 9, 1986, the trustee filed an application for approval of the settlement. A hearing was held on that application on February 3, 1987. The decision approving the terms of the settlement was issued on February 11, 1987.

The Depos timely appealed, but failed to comply with Bankruptcy Rule 8009, which requires appellant briefs to be filed fifteen days after the record on appeal is docketed. Despite this failure, the court permitted the Depos to file late briefs and determined to decide this case without oral argument pursuant to Bankruptcy Rule 8012.

*DISCUSSION*

█ There is serious doubt whether the Depos can prosecute this appeal. The appointment of a trustee makes the trustee the representative of the estate. 11 U.S.C. § 323(a). In the case at bar the debtors, not the trustee, are the appellants. Thus the Depos are appealing an order pertaining to property in which they have no interest due to the passage of the debtors' property interest to the trustee by operation of the Bankruptcy Code. *See In re Goodwin's Discount Furniture, Inc.,* 16 B.R. 885, 887 (Bankr. 1st Cir.1982). As insolvent Chapter VII debtors, the Depos have no standing to contest orders, such as that of Judge Gerling, affecting the size of the estate. *Id.* at 888.

█ Even if the Depos had standing in this appeal, the court is persuaded to affirm the decision of Judge Gerling. Rule 9019(a) of the Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after a hearing on notice to the creditors, ... the court may approve a compromise or settlement." Approval of the settlement lies within the sound discretion of the Bankruptcy Court. *In re Sherman Homes, Inc.,* 28 B.R. 176, 177 (Bankr.D.Me. 1983). In deciding whether to approve a settlement, the court must determine whether the proposed settlement is in the best interest of the estate. *Id.* at 178.

█ Relevant criteria which the bankruptcy court may consider include: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors. *In re Patel,* 43

---

2. There was evidence that the controversy with Lincoln actually involved Stanley Depo and

Sons, Inc., and not the individual debtors.

B.R. 500, 504–505 (N.D.Ill.1984). In determining whether to approve the trustee's application to settle a controversy, the bankruptcy court does not substitute its judgment for that of the trustee. *In re Carla Leather,* 44 B.R. 457, 465 (Bankr.S. D.N.Y.1984), *aff'd* 50 B.R. 764 (S.D.N.Y. 1985). "Nor is the court 'to decide the numerous questions of law and fact raised by [objections] but rather to canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness.'" *Id. quoting In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cr.1983). Moreover, "[b]ecause the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." *Patel,* 43 B.R. at 505 (emphasis added) *See also In re Neshaminy Office Building Assoc.,* 62 B.R. 798 (E.D.P.A.1986).

Judge Gerling did not abuse his discretion here. The trustee, in his application outlined the difficulties in proof of the claims made in the adversary proceeding, (*see* Record on Appeal, Item No. 504) and his belief that a $20,000 settlement would be in the best interests of the estate. Judge Gerling considered the same noting that he was particularly concerned about the timeliness of the adversary suit as well as the preclusive effect accorded state court proceedings in *Lincoln First Bank— Central, N.A. v. Joe Bombard Chevrolet, Inc.,* 55 A.D.2d 1048, 391 N.Y.S.2d 927 (4th Dep't 1977) (wherein the Depos unsuccessfully sought to reopen default judgments at the core of some of the claims in the adversary proceeding). *See* Trans. of Confirmation Hearing, Exhibit A of Lincoln's Brief. Consequently Judge Gerling approved the decision of the trustee to settle the claims. Nothing in the record, nor in papers filed by the Depos, persuades the court that such an approval was an abuse of discretion. The Order of the Bankruptcy Court, dated February 11, 1987, will stand.

IT IS SO ORDERED.