**In re Edwin D. WELLS, Bankrupt.**

**Bankruptcy No. 79–240.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 11, 1983.

Avram N. Cohen, Providence, R.I., for trustee.

Jerome B. Spunt, Providence, R.I., for Shepard A. Spunt.

## DECISION AND ORDER DENYING TRUSTEE'S MOTION TO COMPROMISE STATE COURT ACTION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's petition seeking approval of a proposed settlement of an action pending in the Providence County Superior Court entitled *Louis A. Geremia, Trustee in Bankruptcy of Edwin D. Wells, v. Edwin D. Wells, Elmer Rigelhaupt and Jacob Goodman, Trustees for Robert Jay Wells, Samuel Bruce Wells and Jonathan Richard Wells,* C.A. No. 80–2636. The question presented is whether the Trustee should be authorized to accept a $10,000 settlement offer in the state court action which was brought to determine the Bankrupt's interest in real property owned by his wife at her death, and to recover the reasonable value of the Bankrupt's use and occupancy of said real property.

The facts are not in dispute. The wife of the Bankrupt, Esther H. Wells, died on December 23, 1976 as the owner in fee of residential real estate located at 56 Scott Street, Pawtucket, Rhode Island. By her will, admitted to probate in the Pawtucket Probate Court on January 19, 1977, Esther Wells devised the Scott Street residence to Edwin D. Wells, Elmer Rigelhaupt and Jacob Goodman, as trustees for the three children of her marriage to Edwin D. Wells. The will also included a bequest of $100 to her husband "in lieu of curtesy."

Edwin D. Wells filed his bankruptcy petition on August 1, 1979, listing his residence as 56 Scott Street, Pawtucket, Rhode Island. He has lived at that address continuously since his wife's death, without making payments for rent, taxes, maintenance, heat or insurance. All of the expenses have been paid by the trustees appointed under the will.

In support of the proposed settlement, the Trustee points out two concerns he has with the state court litigation, which he fears reduce his probability of success. The first is his concern with the difficulty of determining the value of Mr. Wells' curtesy interest in the property in question. The second is the possibility of a judgment for the Defendants pursuant to the application of Chapter 25 of Title 33 of the General Laws of Rhode Island, as amended in 1978, which abolishes curtesy and gives the sur-

viving spouse a life estate which may be barred by a devise or bequest in lieu of curtesy.[1] Based on these concerns, the Trustee argues that the $10,000 settlement offer is reasonable and that it is in the best interest of the estate to accept the offer.

Shepard A. Spunt, a creditor of the Bankrupt, objects to the Trustee's petition to compromise. He argues that the Trustee has exaggerated the problems in the state action, asserting (1) that R.I.Gen.Laws §§ 33–25–1 *et seq.* as amended in 1978 cannot constitutionally be applied to the Bankrupt's interest in the property, and (2) that the value of a curtesy interest can readily be determined through actuarial and mortality tables. Furthermore, Spunt contends that the $10,000 offer is too low because the value of rents and profits alone since 1979 exceeds that amount. The state court complaint demands over $50,000 for the occu-

---

1. Chapter 25, Title 33 of the Rhode Island General Laws, as amended, provides as follows:

33–25–1. *Dower and curtesy abolished.* —The right of a widow to common law and/or statutory dower in the estate of her husband and the right of a husband to common law and/or statutory curtesy in the estate of his wife are hereby abolished.

33–25–2. *Life estate to spouse.*—Whenever any person shall die leaving a husband or wife surviving, the real estate owned by such decedent in fee simple at his or her death shall descend and pass to the husband or wife for his or her natural life subject, however, to any encumbrances existing at such death, provided that the liability, if any, of such decedent to discharge such encumbrance or encumbrances shall not be impaired. The provisions of §§ 33–1–1 and 33–1–2 shall be subject to the provisions of this chapter and of § 33–1–6.

33–25–3. *Life estate precedence.*—The life estates herein provided shall take effect notwithstanding any provisions of the will of such decedent, except as provided in § 33–25–4 and shall take precedence over any claims of creditors of the decedent or decedent's estate, except claims secured by lien or any form of encumbrance on such real estate.

33–25–4. *Election by surviving spouse—Recording of waiver and claim.*—If any estate, real or personal, be devised or bequeathed to a surviving husband or wife in lieu of the life estate provided in § 33–25–2, whether referred to as a life estate, or as a dower or curtesy right, such devise or bequest shall bar said life estate unless such surviving husband or wife shall, within six (6) months

after the probate of the will of the deceased spouse, file in the probate court granting such probate a written statement waiving and renouncing such devise and bequest and claiming his or her life estate in the real estate of the decedent. If any such real estate be located in any city or town other than that in which the will of the decedent is probated, such waiver and claim shall also be filed in the records of deeds in each city and town where such real estate is located.

33–25–5. *Payment of value of life estate in lieu thereof.*—In any case where real estate shall be ordered sold by any court, except where otherwise specifically provided, or real estate is taken under authority of law and it shall appear that a surviving husband or wife is or may be entitled under this act to a life estate therein, the court having jurisdiction of the proceedings may in its discretion, upon the petition of the surviving husband or wife as the case may be, and after notice, determine the present value of such life estate therein and order the same to be paid to him or her in lieu of said life estate out of the proceeds of such sale or taking.

33–25–6. *Applicability.*—This chapter shall apply to rights of common law and/or statutory dower or common law and/or statutory curtesy as they existed prior to [April 17, 1978], but, if it should be held that this chapter cannot constitutionally apply thereto, it shall nevertheless be fully effective with regard to the estate of all persons who shall die thereafter, any other law or statute notwithstanding.

pancy rental and the value of the curtesy interest in question.

Although the approval of a settlement offer is within the discretion of the Court, four factors are normally considered in arriving at such a decision: (1) the probability of success in the litigation; (2) the difficulties to be encountered in collecting a judgment; (3) the complexity of the litigation; and (4) deference to the reasonable views of creditors. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *In re Continental Investment Corp.,* 637 F.2d 8 (1st Cir.1980); *Drexel v. Loomis,* 35 F.2d 800 (8th Cir.1929). Although great weight is generally given to Trustee settlement recommendations, in this case the fourth factor weighs most heavily in this Court's decision to deny the petition.

The objecting creditor's claim in the amount of $24,321.07 constitutes 80 percent of all allowed claims.[2] Not only does the objecting creditor represent 80 percent of the interest of all creditors, but he has agreed to advance the costs to continue the state court action. In these circumstances, the Court gives deference to Mr. Spunt's position in determining whether to approve the proposed settlement, since we are talking almost exclusively about his money. Spunt's position that the application of Title 33 of the Rhode Island General Laws and the valuation of a life estate are questions which the state courts are capable of determining without great difficulty, is not unreasonable. Should the state court litigation terminate unfavorably to the estate, the result will have its impact almost entirely on Mr. Spunt.

Accordingly, the Trustee's Petition to Compromise is denied, and Spunt may continue the litigation in question, with funds which he is advancing, with or without the assistance of the Trustee, as these parties see fit. The apportionment of the litigation expenses between Mr. Spunt and/or the estate shall be determined at the conclusion of the state court action.

---

**2.** The Trustee argues that the claim of Elmer Rigelhaupt for over $43,000 reduces Spunt's interest to 32 percent of the total unsecured claims. The Rigelhaupt claim, however, was not filed within the time allowed for filing proofs of claim, *see* Rule of Bankruptcy Procedure 302(e), and no extension was requested. Since the late filing of that claim is probably fatal, *see In re Tavares,* No. 8000044 (Bkrtcy.D. R.I. September 13, 1982), it will not be considered for the purpose of determining the interests of creditors in this proceeding. *See generally* 11 U.S.C. § 702(a) (only holders of "allowable, undisputed, fixed, liquidated, unsecured" claims may vote for trustee).