In re Richard M. HALLET, Jr., Debtor.

Roger B. KNOWLES, Plaintiff,

v.

Harvey J. PUTTERBAUGH, Trustee and Richard M. Hallet, Jr., Defendants.

Bankruptcy No. 181–00333.
Adv. No. 182–00221.

United States Bankruptcy Court,
D. Maine.

Sept. 7, 1983.

Thomas Tavenner, Boothbay Harbor, Me., for debtor.

Harvey J. Putterbaugh, Portland, Me., for trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor is alleged to be the owner of certain real estate located in New Bedford, Massachusetts,[1] subject to a lease dated May 1, 1980, naming plaintiff, Roger Knowles, as "Tenant." On October 26, 1982, Knowles filed an adversary proceeding against the debtor and the trustee seeking court determination of his interest in the leased premises. Knowles alleges (1) that he is in possession of the property under a lease agreement containing an option to purchase; and (2) that he has properly exercised the option. He requests the Court to direct the trustee to deliver a deed of the leased premises under the terms of the lease and the option. In their answers, the debtor and trustee deny that Knowles was either a lessee or a purchaser in possession of the premises, and further deny that the option to purchase has been properly exercised. By counterclaim, the trustee asserts that any lease or contract to purchase has been rejected, and he requests authority to sell the property free and clear of all liens and interests.

On April 19, 1983, the trustee filed an application to compromise this controversy. The compromise proposes that in return for his payment of $10,000 to the estate, Knowles will receive the estate's and the debtor's interest in the property (subject to the existing mortgage, restrictions of record and easements outlined in the lease of May 1, 1980). The debtor and the two largest unsecured creditors of the estate, Casco Bank & Trust Company and First National Bank of Damariscotta, object to the compromise. All parties were given an opportunity to submit briefs in support of their positions; however, only the objecting creditors have done so.

The pleadings indicate that the property has an appraised value of $300,000.00 and an outstanding mortgage indebtedness of approximately $146,000.00. The lease of May 1, 1980, granted Knowles an option to purchase the property at any time during the original or extended term of the lease for a purchase price of $15,000.00 plus the unpaid balance of principal and interest due on the mortgage. The option could be exercised by giving the debtor 90 days written notice of his election to exercise it. It appears from the pleadings that Knowles has paid the option price of $15,000.00, but has neither paid the outstanding mortgage indebtedness nor given the debtor written notice of his exercise of the option. It also appears that the property may have been sublet to a corporate entity. The issues presented by this adversary proceeding include a determination of: (1) whether Knowles is a lessee or purchaser of the premises, (2) who is in possession of the premises, (3) whether the option has been properly exercised and, if not, (4) whether the option still exists, and, if so, who may exercise it.

■■■ Whether to approve an application to compromise is a matter within the discretion of the Court. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602–03 (5th Cir.1980); *American Employers' Insurance Co. v. King Resources Co.*, 556 F.2d 471, 478 (10th Cir.1977); *Fogg v. Sherman Homes, Inc. (In re Sherman Homes, Inc.)*, 28 B.R. 176, 177 (Bkrtcy.D.Me.1983); *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)*, 13 B.R. 764, 765 (Bkrtcy.N.D.Ga.1981). The Court should approve a compromise, after considering all factors involved, only if it is in the best interests of the estate. *In re Haas Davis Packing Co.*, 2 B.C.D. 167, 168 (S.D.Ala.1975). The parties proposing the compromise have the burden of persuading the court that the compromise should be approved. *In re W.T. Grant*

---

1. There is no indication in the debtor's schedules that he has any interest in this property. The counterclaim filed by the trustee alleges that the debtor was the record title holder of the property at the time of the filing of the petition. The debtor has not claimed any portion of the property as exempt.

*Company,* 4 B.R. 53, 80 (Bkrtcy.S.D.N.Y. 1980) (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 464 (2nd Cir.1974)). Factors to be considered by the Court include "the probability of success of the litigation, the difficulties of discovery, the complexity, expense, and delay incurred by the litigation, and the paramount interest of the creditors." *In re Continental Investment Corp.,* 637 F.2d 8, 11 (1st Cir.1980); *see Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d at 602; *Official Creditors' Committee v. Beverly Almont Co. (In re General Store of Beverly Hills),* 11 B.R. 539, 541, 7 B.C.D. 1005, 1006–07 (Bkrtcy. 9th Cir.1981); *Howard v. Ricciardi (In re Arcadia Manufacturing, Inc.)* 23 B.R. 372, 375 (Bkrtcy.W.D.La.1982); *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)* 13 B.R. at 765. Moreover, while creditors' objections are not controlling, *Fogg v. Sherman Homes, Inc. (In re Sherman Homes, Inc.),* 28 B.R. at 178, emphasis is placed on the paramount interests of creditors and proper deference will be given to the reasonable views put forth in their objections. *In re Lloyd, Carr and Company,* 617 F.2d 882, 891 (1st Cir.1980). Here, the two largest unsecured creditors, whose claims aggregate approximately two thirds of all unsecured claims against the estate, strenuously object to this proposed compromise. That they object is significant since they are the ones most likely either to benefit from successful litigation or to bear the loss should the litigation result in an unfavorable outcome for the estate.

■ In this case, an examination of the factors outlined above indicates that allowance of the compromise would not be in the best interests of the estate. Although the outcome of litigation is uncertain, it should not require undue delay or excessive cost to the estate. At worst, if the result of litigation is entirely unfavorable to the estate, the loss will be limited to the $10,000.00 settlement. If successful, however, the litigation could yield as much as $154,000.00. Additionally, the trustee has failed to sustain his burden of persuading the Court that the compromise is in the best interests of the estate. He has presented no evi-dence in support of the proposed compromise. For the foregoing reasons, the trustee's application to compromise will be denied.

Enter order.