**In re MOBILE AIR DRILLING CO., INC., Debtor.**

**Bankruptcy No. 682–00279.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 11, 1985.

Cathy S. Drescher, Guy, Lammert & Towne, Akron, Ohio, for trustee.

William W. Emley, Amerman, Burt & Jones, Co., L.P.A., Canton, Ohio, for Budd Leasing Corp.

Michelle Sutter, Weick, Gibson & Lowry, Cuyahoga Falls, Ohio, for Weick, Gibson & Lowry.

MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

The Budd Leasing Corp. (Budd) filed an amended proof of claim in this Chapter 7

bankruptcy proceeding [1] on November 1, 1984. The creditor asserts a priority position for its claim "pursuant to 11 U.S.C. § 507(b), in its entirety" and refers to a "Stipulated Order entered by this Court on or about April 22, 1982."

The referenced order, actually entered on April 26, 1982, upon Budd's complaint for relief from stay, provided, as adequate protection, periodic payments on an item of equipment agreed to be worth $63,750.00, further provided for arrearage payments and ordered insurance coverage and the right of inspection.

Budd calculates the amount of its claim to be $29,885.40. Objections were duly filed by Weick, Gibson & Lowry (Weick), the law firm which had represented the debtor throughout these proceedings, and the trustee.

Following negotiations, the trustee, taking into account his risk of loss in any litigation, moved, on June 19, 1985, pursuant to Bankruptcy Rule 9019, for authority to compromise his dispute with Budd by allowing Budd's claim in the amount of $20,000.00.

A memorandum in opposition to allowance of the Budd claim was next presented by Weick. The focus of the attack is upon the super-priority status of Budd's claim under 11 U.S.C. § 507(b). Finally, on the day of the hearing on the trustee's motion for authority to compromise, Weick submitted a further memorandum in opposition to Budd's amended proof of claim and the application to compromise.

## ISSUES PRESENTED

The salient points for discussion and disposition seem, in the court's view, to be (1) the trustee's authority to enter into a compromise of his objection to an asserted proof of claim, (2) the standing of a debtor and/or the debtor's counsel to object to such a compromise and (3) the relative priority between a super-priority claim under section 507(b) and an administrative claim for attorney's fees.

## BACKGROUND

On March 17, 1982 Budd, as lessor of a Sullair Sulliscrew Skid D.U. Compressor to debtor Mobile Air Drilling (Mobile), filed a complaint seeking adequate protection as described in section 361 of the Bankruptcy Code. On April 26, 1982 a stipulated order was entered by the parties whereby the value of the compressor was set at $63,-750.00 and debtor agreed to make monthly payments of $2,051.60 as adequate protection along with payments for arrearages and the maintenance of adequate insurance. The order also contained a "drop-dead" clause whereby Budd was granted automatic relief from stay in the event of a 5-day default by Mobile.

Mobile made payments totalling $46,-358.80 for the months of April, 1982 through December, 1983, but thereafter failed to make any payments. Budd did not repossess the equipment until June 1984 and sold it on October 10, 1984 for $13,689.00. Budd filed an amended proof of claim on November 1, 1984 for the sum of $29,885.40 which it maintains is a super-priority claim under section 507 of the Bankruptcy Code. Budd calculates its super priority as follows:

---

**1.** The case commenced under Chapter 11 of Title 11 of the United States Code, proceeded through confirmation of a plan of reorganization and was converted to Chapter 7 administration pursuant to 11 U.S.C. § 1112(a) on May 25, 1984 upon the debtor's representation that it was unable to obtain the financing to consummate the plan. Edwin H. Breyfogle was appointed to serve as trustee.

| | | |
|---|---|---|
| Equipment value at 4/21/82 | | $ 63,750.00 |
| Payments – 4/82 – 12/83 | | |
| Principal | – $27,887.27 | |
| Interest | – 18,471.53 | |
| | $ 46,358.80 | – 27,887.27 |
| Balance as of 12/83 | | 35,862.73 |
| Interest until repossession 12/83–7/84 | | + 5,360.28 |
| Total | | 41,223.01 |
| Proceeds of sale | | – 13,689.00 |
| Amount of claim | | $ 27,534.01[2] |

Both the trustee and Weick filed objections to the proof of claim maintaining that the super-priority claim was only $420.70. They arrived at their figure as follows:

Amount which would have constituted adequate protection:

| | | |
|---|---|---|
| $ 2,015.60 × 26[3] | $ 52,405.60 | |
| 1,007.80 × 8[4] | 8,062.40 | |
| | | $ 60,468.00 |
| Less | | |
| Payments | | 46,358.30 |
| | | 14,109.70 |
| Proceeds from sale | | 13,689.00 |
| | $ | 420.70 |

Negotiations took place over the ensuing months and the trustee moved for authority to compromise in the amount of $20,-000.00. Weick filed a Memorandum in Opposition to the proof of claim and appeared at the hearing opposing both the proof of claim and the compromise. Weick's representative clarified at the hearing that it was acting on behalf of Weick as a creditor and not on behalf of the debtor. Weick thereafter filed a Memorandum in Opposition to the amended proof of claim and compromise.

## DISCUSSION

### A

### TRUSTEE'S AUTHORITY TO COMPROMISE

■ The trustee is given broad powers under the Bankruptcy Code to enable him to effectively administer the estate. Bankruptcy Rule of Procedure 9019(a) authorizes the trustee to move the bankruptcy court to approve a proposed compromise or settlement. Rule 9019(a) provides:

... On motion by the trustee and after a hearing on notice to the creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other persons as the court may designate, the court may approve a compromise or settlement.

The decision of whether to accept or reject a compromise is within the sound discretion of the bankruptcy court. *See e.g. Matter of Ericson* 6 B.R. 1002 (D.C.Minn.1980), *In re Hallet,* 33 B.R. 564 (Bankr.D.Me.1983). Although the court may consider a creditor's objection to the proposed compromise, the objection is not controlling and will not prevent approval by the court. *See e.g. In re General Store of Beverly Hills,* 11 B.R. 539 (Bankr. 9th Cir.1981), *In re Blue Coal Corp.,* 47 B.R. 758 (Bankr.N.D.Pa.1985).

■ The bankruptcy court must determine whether the proposed settlement is in the "best interests of the estate" before granting approval. *See e.g. Matter of Walsh Constr. Inc.,* 669 F.2d 1325 (9th Cir.1982); *In re Flight Transp. Corp. Securities Litigation,* 730 F.2d 1128 (8th Cir. 1984) *cert. denied,* 469 U.S. ——, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985); *In re NEPSCO,* 36 B.R. 25 (Bankr.D.Me.1983); *In re Hallet, supra; In re Barton,* 45 B.R. 225 (Bankr.M.D.Tenn.1984). In deciding whether or not a compromise is in the best interests of an estate, most bankruptcy courts consider the four criteria set forth by the Court of Appeals for the Eighth Circuit in *Drexel v. Loomis* 35 F.2d 800 (8th Cir.1929). *See e.g. Matter of Baldwin United Corp.* 43 B.R. 888 (Bankr.S.D.Ohio 1984); *In re W.T. Grant Co.,* 10 B.R. 801 (Bankr.S.D.N.Y.1981). These factors are: the probability of success of the litigation, the difficulties of collection, the complexity, expense, inconvenience and delay in such litigation, and the interests of the creditors. It is important to note the bankruptcy court's role in review of the evidence be-

**2.** The court assumes that the discrepancy between this figure and the $29,855.40 figure stated on the amended proof of claim is due to interest from July, 1984 to the filing date of the amended proof of claim.

**3.** The objectors use the figure of 26 since 26 months elapsed from the date of the adequate protection order until Budd's repossession.

**4.** This figure represents payments to be made for the arrearage under the adequate protection plan.

fore it; the bankruptcy court "need not conduct an exhaustive investigation into the validity of the asserted claim." *Walsh,* 669 F.2d at 1328. "It is sufficient that after apprising itself of all the facts necessary for an intelligent and objective opinion concerning the claim's validity, that the court determines either (1) the claim has a substantial foundation and is not clearly invalid as a matter of law or (2) the outcome of the litigation is 'doubtful'." *Id.*

The facts before this court illustrate the uncertainty of the law surrounding this litigation. Budd maintains that it is entitled to a super-priority claim based in part upon lost opportunity costs. Some courts have followed this line of reasoning. *See e.g. In re Am. Mariner Indus, Inc.,* 734 F.2d 426 (9th Cir.1984); *In re Virginia Foundry Co. Inc.,* 9 B.R. 493 (D.C.Va. 1981). Other courts, however, have held that lost opportunity costs are not properly includable. *See e.g. In re Aegean Fare, Inc.,* 34 B.R. 965 (Bankr.D.Mass.1983); *In re Shriver,* 33 B.R. 176 (Bankr.N.D.Ohio 1983). Weick urges that this latter line of cases should be controlling. The trustee, however, has admitted that his chances of losing on the merits is substantial. We note that other courts have approved compromises over objections where the trustee's likelihood of losing is as great as the likelihood of success or where the outcome of the litigation is uncertain. *In re W.T. Grant Co., supra; In re Sherman Homes,* 28 B.R. 176 (Bankr.D.Me.1983).

Budd also argues that it has a valid super-priority claim for $16,300.00 due to debtor's alleged cannibalization of the equipment. *See e.g., In re Callister,* 15 B.R. 521 (Bankr.D.Utah 1981) aff'd 673 F.2d 305, 13 Bankr.Ct.Dec. (CRR) 21 (10th Cir.1985); *In re Prime,* 35 B.R. 697 (Bankr. W.D.Mo.1984). Weick has not disputed or addressed this issue.

The proposed compromise before us has prompted the submission of seven briefs to date addressing for the most part lost opportunity costs. At a trial, several other issues including the alleged cannibalization, calculation of the asserted super priority claim, and calculation of interest will need to be addressed.

■ As stated previously it is not the bankruptcy court's role to make a final determination of the merits of the claim. *See Walsh, supra; In re Teltronics,* 762 F.2d 185 (2nd Cir.1985). This court is satisfied that Budd's claim has substantial foundation and that the trustee's success on the merits is uncertain. Further, the court believes that the expense, inconvenience and delay attending a full trial on the merits would unduly burden the estate. The court is also satisfied that the amount of the settlement "does not fall below the lowest bounds of reasonableness," especially in light of the alleged cannibalization claim. *In re Lion Capital Group,* 44 B.R. 690 (Bankr.S.D.N.Y.1985).

After review of the pertinent case law and evidence before it the court feels that the compromise in question is in the best interests of the estate and that it should therefore be approved.

B

STANDING OF DEBTOR'S ATTORNEY TO OBJECT

■ Budd has raised in its pleadings and at the hearing the issue of the standing of Weick to object to the proposed compromise. Budd relies on section 502(a) of the Bankruptcy Code which states:

A claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

Thus, to make an objection, a person must qualify as a "party in interest." Budd argues that Weick does not so qualify since a trustee has been elected and has objected. "The general rule is that once a trustee has been elected and qualified, no general creditor has standing to contest another general creditor's claim, unless the trustee upon application, refuses to object and the court thereupon has authorized the

creditor to proceed in the trustee's name." *In re Parker,* 47 B.R. 419 (D.C.Mont.1985); *In re Meade Land & Development Co., Inc.,* 1 B.R. 279 (Bankr.E.D.Pa.1979). While the court does not dispute Budd's proposition of law, it finds that while Weick may not have standing to object to the amended *proof of claim* as a creditor, it may nevertheless object to the trustee's proposed *compromise.*

## C

### PRIORITY OF PAYMENT

Weick urges the court to follow the case of *In re Callister, supra,* and permit the payment of attorney's fees ahead of payment of any super-priority claim of Budd's. In *Callister* the bankruptcy court held that the payment of interim fees acts as an incentive to professionals to continue efficient management of the bankrupt's estate. Without payment, the court theorized, further provision of services would be jeopardized. *Callister,* 15 B.R. at 535. The court stated that there is a presumption that the fees will be paid notwithstanding a super-priority, unless it is rebutted under "appropriate equitable circumstances." *Id.*

The Court of Appeals for the Second Circuit, however, declined to follow *Callister* in *In re Flagstaff Foodservice Corp.,* 739 F.2d 73 (2nd Cir.1984). The *Flagstaff* case centered around a super-priority under section 364(c). The Second Circuit reversed the bankruptcy court's award of fees based upon the plain language of section 364(c) of the Code. *Id.* at 75. The *Flagstaff* court did, however, note that there are two situations where fee awards could be given priority: 1) awards based on section 506(c) where the professional services were necessary to preserve or dispose of the collateral and had been incurred primarily for the benefit of the secured creditor, and 2) awards where the secured creditor has expressly or impliedly consented to assuming the cost of the professional services. *Id.* at 76–77; *In re Am. Int'l Airways, Inc.,* 47 B.R. 716 (Bankr.E.D.Pa.1985). The burden of proof is on the one seeking the fee award. *Flagstaff,* 739 F.2d at 77.

 This court believes the opinion expressed by the Second Circuit to be the better view. Section 507(b) of the Bankruptcy Code gives qualifying claims priority over every other claim under section 507(a)(1), which includes professional fees. No doubt there will be situations, such as those discussed in *Flagstaff,* where it will be inequitable to give a claim priority over professional fees. However, no such evidence is before the court and it will therefore grant the compromise priority over Weick's claim for fees.

An order consistent herewith will issue.