**In re HYDRONIC ENTERPRISE, INC., Debtor.**

**Bankruptcy No. 8201030.**

United States Bankruptcy Court, D. Rhode Island.

Feb. 28, 1986.

Avram N. Cohen, Providence, R.I., Trustee.

Stephen P. Nugent, Providence, R.I., for Trustee.

John A. O'Neill, Jr., Providence, R.I., for Allen B. Carr.

Mark A. McSally, Taft & McSally, Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

Richard W. MacAdams, Adler Pollock & Sheehan, Inc., Providence, R.I., for Danal Jewelry Co.

Brian J. Spero, Tillinghast Collins & Graham, Providence, R.I., for Louise Carr.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on Allen Carr's objection to the trustee's Notice of Intention to Compromise a cause of action pending in the Providence County Superior Court, entitled *Hydronic Enterprises, [sic] Inc. v. Danal Jewelry Co.*, C.A. No. 81–4011. For the reasons given below, we decline to authorize the trustee to accept $10,000 to settle the Danal claim.

On March 24, 1983, an order was entered authorizing the trustee to retain Stephen P. Nugent, Esq., to investigate, prepare, and litigate a claim against Danal Jewelry Company, which Nugent had instituted in behalf of Hydronic Enterprise prior to the filing of Hydronic's Chapter 7 petition. In its state court action, Hydronic claimed damages in the amount of $105,000 resulting from Danal's failure to either pay for or return goods sold and delivered. The complaint alleges that Carr, an officer and principal of Hydronic Enterprise, Inc., personally borrowed funds to purchase materials needed to manufacture a gold solution sold to Danal, a jewelry manufacturer. Danal's alleged breach of its part of the agreement forced Carr, individually, and his corporation into bankruptcy. *See* Carr's Objection to Notice of Intention to Compromise. Danal counterclaimed in the state court action for $240,000 for breach of contract, breach of warranty and fraud, and on November 23, 1983, a proof of claim in that same amount was filed by Danal in the Hydronic bankruptcy. *See* Chapter 7 Petition, Schedule A–3.

We are not breaking new ground here, since the same claim which the trustee now seeks to compromise was previously the subject of a Request for Abandonment filed by Rhode Island Hospital Trust National Bank (RIHT), a $55,000 unsecured creditor. *See* 11 U.S.C. § 554. In that proceeding, after hearing on May 30, 1985, an order was entered sustaining the trustee's objection to the Bank's Request for Abandonment. That order was appealed to the United States District Court for the District of Rhode Island, and RIHT's motion for stay pending appeal was denied in a published opinion, *In re Hydronic Enterprise, Inc.*, 51 B.R. 176 (Bankr.D.R.I.1985). District Judge Bruce M. Selya denied RIHT's appeal on the merits, in an order

which incorporated findings and conclusions in a bench decision rendered on August 28, 1985 (C.A. No. 85–0482–S).

The instant Notice of Intention to Compromise was precipitated by the trustee's receipt of a letter, dated September 10, 1985, wherein John F. Bomster, Esq., cocounsel for Danal, offered $10,000 in settlement of the claim in question.

## DISCUSSION

In carrying out the mandate of 11 U.S.C. § 704,[1] the trustee may petition the court for approval of the compromise of a claim by or against the estate. *See* 4 *Collier on Bankruptcy* ¶ 704.01[3] at 704–5 (15th ed. 1985). Bankruptcy Rule 9019(a) provides that

> [o]n motion by the trustee and after a hearing on notice to creditors, the debtor and ... such other persons as the court may designate, the court may approve a compromise or settlement.

*See also* former Bankruptcy Rule 919.

 The decision whether to approve such an application is within the sound discretion of the bankruptcy court, *see Knowles v. Putterbaugh (In re Hallet)*, 33 B.R. 564, 565 (Bankr.D.Me.1983), and while policy considerations favor the encouragement of compromises, *see In re Lion Capital Group*, 49 B.R. 163, 190 (Bankr.S.D.N.Y.1985), prior to approving a proposed settlement the following factors should be considered:

1. The probability of success in the litigation;

2. The difficulties, if any, to be encountered in the matter of collection;

3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

4. The paramount interest of creditors and proper deference to their reasonable views.

*See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *In re Continental Investment Corp.*, 637 F.2d 8 (1st Cir. 1980); *Drexel v. Loomis*, 35 F.2d 800 (8th Cir.1929); *Lindquist v. First Northtown National Bank (In re Lakeland Development Corp.)*, 48 B.R. 85 (Bankr.D.Minn. 1985); *In re Carla Leather, Inc.*, 44 B.R. 457 (Bankr.S.D.N.Y.1984), *aff'd*, 50 B.R. 764 (S.D.N.Y.1985).

 The trustee, as proponent of the compromise, has the burden of persuading us that settlement is in the best interest of the estate. *See In re Hallet, supra*, at 565. In this regard, he advances the following arguments:

a. The cause of action against Danal Jewelry Co., has been pending for many, many years.

b. Counterclaims have been filed in this cause of action.

c. Proof of this cause of action will require expert testimony.

d. Although it is anticipated that this testimony will be provided by Mr. Allen Carr, former principal officer of the Debtor corporation, this testimony could be rebutted by testimony of other experts of the Defendant.

e. The Defendant corporation, Danal Jewelry Co., has ceased to do business, and any judgment obtained in this cause of action would have to be enforced by a second suit against principal officers, directors and stockholders of Danal Jewelry Co.

f. The complexity and speculative nature of this litigation could result in increased expenses to the estate, not commensurate with the probability [of] collecting any judgment which may be obtained in the principal cause of action against Danal Jewelry.

Trustee's Notice of Intention to Compromise at 1, 2. *See also* Danal Jewelry Company's Memorandum of Law in Support of Notice of Intention to Compromise.

Substantially similar arguments, which were previously made in support of RIHT's

---

1. § 704. Duties of trustee.
 The trustee shall—

 (1) collect and reduce to money the property of the estate....

Request for Abandonment, have already been considered and rejected by this Court. *See In re Hydronic Enterprise, Inc., supra.* Nevertheless, we briefly highlight our rationale for denying the instant petition,[2] since it is now before us in a slightly different context.

*Probability of Success*

■ Proper evaluation of the proposed settlement does not include our independent resolution of the numerous questions of law and fact raised in the underlying dispute. Rather than conducting a detailed evaluation of the merits of the state court action, our function is to examine the proposed settlement to determine if it falls below the lowest point in the range of reasonableness. *See In re Lion Capital Group, supra,* at 175. The applicable "reasonableness standard" requires a comparison of the substantive terms of the proposed settlement with the likely result of a trial, *see In re Carla Leather, Inc., supra,* at 466; *Continental Illinois National Bank and Trust Co. of Chicago v. Widett, Slater & Goldman,* 47 B.R. 925, 927 (D.Mass.1985), and even if it is concluded that the settlement is above the lowest level of reasonableness, in our discretion we may still deny approval, if not in the best interest of the estate. *In re Lion Capital Group, supra,* at 176.

We place considerable reliance on the opinion of Stephen Nugent, Esq., counsel for the trustee, in concluding that there is a strong likelihood that the debtor will recover substantially in excess of $10,000 if the Danal suit is pressed to a conclusion. Mr. Nugent, who investigated, prepared, and is most familiar with the case (*see* trustee's Petition for Leave to Employ Counsel), expressed far more optimism than his client (the trustee) about the probability of success and the potential for a substantial recovery. Nugent maintained that the Danal suit was worth more than $10,000, and he characterized it as a "substantial claim of the estate." In so stating,

he was not unmindful of Danal's counterclaim, or potential collection difficulties. *See infra* at 366, 367. On the other hand, the trustee has not advanced a single convincing reason why the debtor is not likely to prevail, although he conceded that it was likely that a favorable judgment would be obtained. His major concerns, which we do not regard seriously, relating to inconvenience, delay and potential collection difficulty, are addressed in greater detail below.

■ As for Danal's alleged counterclaim, we have been shown no reason to be influenced or impressed by that as a factor in these proceedings. Those favoring this or any other compromise may not force the abandonment of a substantial claim merely by filing an unsubstantiated counterclaim with a big number attached to it. The unfortunate fact that in bankruptcy large counterclaims are routinely asserted by those against whom suit has been brought by the estate, does not add to the substance of the instant petition to compromise. Taking into account the strengths and weaknesses (as they have been presented to us) of the respective claims of the debtor and Danal, we are in agreement with Mr. Nugent that the debtor enjoys a good probability of success.

*Collectibility*

We, of course, recognize the difficulty which may be encountered in collecting a judgment in favor of the debtor. According to the parties, the state court defendant, Danal Jewelry Company, has been dissolved and, prior to dissolution, its assets were transferred to another entity in exchange for an assumption of designated liability. Subsequently, that corporate transferee was also dissolved. While this may present complications, we agree with Mr. Nugent's argument (made in response to RIHT's Request for Abandonment, but equally convincing here) regarding collectibility:

---

**2.** This opinion constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rules 7052 and 9014, and Fed.R.Civ.P. 52.

[A]t the very least the principals of the corporation would be liable if the corporation has in fact been dissolved and no reserves have been set aside as had been stated in the articles of dissolution which are on file with the Secretary of State's office ... I believe that ... any judgment could be collected on. It may take a suit of debt on judgment but it is a substantial claim....

TR. May 30, 1985 at 11, 12.

After carefully reviewing the entire record, we find sufficient likelihood of a substantial money recovery (even if it requires an action against shareholders and/or principals of two defunct corporations) to justify the continued prosecution of the debtor's claim against Danal. Continued prosecution of the Danal suit is far from futile in terms of either liability or collectibility, and we have confidence in the ability of counsel to see the matter through to a successful conclusion.

*Cost, Inconvenience, Delay, Complexity*

We are also cognizant of our obligation to form an independent judgment of the complexity, expense, and likely duration of the state court litigation. In this regard we know that discovery has been completed and that the matter will likely be reached soon in the Superior Court. *See In re Hydronic Enterprise, Inc., supra,* at 177. Under the circumstances, continued prosecution will not cause a material delay in the administration of this estate.

The vague statements of the proponents lamenting the "complexity and speculative nature" of the Danal suit *(see, e.g.,* trustee's Notice of Intention to Compromise at 2), without more, do not persuade us that the state court action involves issues of law or fact too complicated to handle. The trustee concedes that experts will not be required to testify (aside from Carr, who will not be charging the estate), and he does not anticipate other expenditures which would deplete the estate. TR. August 28, 1985 at 16 (C.A. No. 85–0482–S). Moreover, the trustee and his counsel have previously agreed to proceed in the Danal suit on a contingent fee basis, with compensation to become an issue only in the event that the estate receives some benefit as a result of the litigation. Accordingly, none of the factors considered under this heading favor approval of the proposed settlement.

*Best Interest of Creditors*

It should be obvious by now that we consider it likely that the debtor will eventually obtain judgment in its favor in an amount significantly greater than $10,000, and that continued prosecution of the state court suit will inure to the benefit of creditors. *See In re Lion Capital Group, supra,* at 190; *see also In re Marshall,* 33 B.R. 42 (Bankr.D.Conn.1983); *In re Boston & Providence Railroad Corp.,* 673 F.2d 11 (1st Cir.1982). We presume that when Danal offered $10,000 to settle the dispute, it had in mind not the best interest of the estate, but rather its own welfare, including the elimination of potential exposure to a $105,000 (plus interest) judgment.

RIHT, the largest unsecured creditor, appeared at the hearing on the instant application to endorse the proposed settlement. Although RIHT's position is entitled to more deference here than in its previous request to abandon the entire claim, (since it now stands to lose its pro rata share of $10,000 in the event the trustee is unsuccessful in state court), we still have not been presented with any persuasive reasons for granting the trustee's request to compromise. *See In re Hydronic Enterprise, Inc., supra,* at 177. The Court also recognizes, of course, that if the state court litigation ends unsuccessfully for the estate, creditors will have lost the opportunity to share in the $10,000 now offered by Danal. That is a risk to which the estate must be exposed, since we have not been convinced that the proposed settlement is above "the lowest bounds of reasonableness." In the unlikely event that Danal prevails, this Court (not the trustee) will have to bear the criticism that would follow.

For the reasons discussed above, and while deference is usually given to a

trustee's settlement recommendation, we conclude that in this case the best interest of the estate requires the continued prosecution of the claim in question. *Cf. In re Wells,* 26 B.R. 150 (Bankr.D.R.I.1983). Accordingly, the petition to settle the Danal suit for $10,000 is denied, without prejudice to the trustee's right to file an application if he receives a settlement offer that he should not refuse.

Enter Judgment accordingly.