In the Matter of Miguel CORREA RODRIGUEZ, Maria L. Vigier De Correa, Debtors.

In re Carmen L. CORREA VIGIER, Debtor.

Bankruptcy Nos. 90–03043(SEK), 90–03041(SEK).

United States Bankruptcy Court, D. Puerto Rico.

Jan. 2, 1991.

**154**

Charles A. Cuprill, Ponce, P.R., for debtors.

Carlos Ruiz Cox, Old San Juan, P.R., for La Cochera, Inc.

Eldia M. Díaz Olmo, Lasa, Escalera & Reichard, San Juan, P.R., for Banco Nacional.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

Approval of an "Application for Leave to Sell Property of the Estate in a Private Sale" and a Stipulation withdrawing an opposition to such Application are pending before the Court.[1] Approval is denied for reasons stated herein.

## FINDINGS OF FACT

The record shows that Cochera, Inc. filed a Motion for Appointment of a Trustee. This Motion was filed because the Debtors allegedly refused to ratify and comply with certain pre-bankruptcy agreements, which prevented Cochera, Inc. from continuing with the development of a condominium parking garage building. Debtors apparently hold 30% of Cochera's outstanding stocks. Subsequently, the Debtors and Cochera reached an agreement whereby the Debtors would sell all their Cochera stocks as per the Application filed on August 20, 1990. The Court refused to approve that Application because it lacked information it needed to make any type of judgment.

On August 31st, Debtors asked the Court to reconsider the above denial. Additional information in the form of two letters was supplied. (See Exhibit A and B).

Banco Nacional opposed the Application for leave to sell the stocks because:

1. The letters do not show the exact property being sold; and,

2. There is no information which will permit a creditor or the Court to determine the reasonability of the sales price.

Debtors then entered into a Stipulation which calls for the withdrawal of Banco Nacional opposition to this sale and in return for a special treatment of its proceeds. The Stipulation still did not answer the queries raised by Banco Nacional in its initial opposition.

## CONCLUSIONS OF LAW

In these Chapter 11 cases, sales out of the ordinary course of business cannot be executed by debtors in possession without "notice and a hearing", and Court approval.[2]

Furthermore, the Bankruptcy Court "... in approving a compromise in reorganization proceedings does not play the same role as a court approving compromise between individual litigants. Bankruptcy proceedings, by definition, coerce the bankrupt's creditors into a compromise of their reorganization for their protection, and the supervising court must play a quasi-inquisitorial role, ensuring that all aspects of the reorganization are 'fair and equitable'." [cit. omitted][3] The decision whether to approve an application to compromise a claim by or against the estate falls within the sound discretion of the bankruptcy court.[4] The approval of a compromise in a bankruptcy matter is subject to review by an appellate court only for

---

1. These cases involve parents and their daughter. The same motions, stipulations and applications have been filed in both cases, and are consolidated for purposes of this Opinion.

2. See 11 U.S.C. Section 363.

3. *Matter of Boston and Providence Railroad Corp.,* 673 F.2d 11, 12 (1st Cir.1982).

4. *In re Hydronic Enterprise, Inc.,* 58 B.R. 363, 365 (Bkrtcy.R.I.1986); *Matter of AWECO, Inc.,* 725 F.2d 293 (5th Cir., 1984).

abuse of discretion.[5] The settling parties must adduce facts in sufficient details to provide the bankruptcy court with an adequate record to approve the settlement.[6] When the record omits key relevant facts, the Bankruptcy Court is precluded from determining whether the settlement falls within the lowest bounds of reasonableness. Thus, where a record reveals gaping holes in background of the information, the parties have not met their burden of providing the Court with sufficient facts sorted out in a reasonable fashion to permit an adequate analysis of whether the agreement is in the best interest of all creditors.[7]

■ We believe both the application for approval of the private sale of Cochera stocks, and the Stipulation between Debtors and Banco Nacional, are attempts to compromise claims in this bankruptcy case. The mandate of the Court of Appeals for the First Circuit is clear. The Bankruptcy Court must scrutinize these agreements to ensure fairness to all creditors. However, this Court lacks information on exactly how many shares are being sold and whether the sales price is the fair market value for the stocks involved. Therefore, we cannot approve the Application to Sell nor the Stipulation to compromise the differences between Debtors and Banco Nacional, because we have no way of evaluating whether the agreements are fair and equitable and in the best interest of all creditors.

---

**5.** *In re Teltronics Services, Inc.,* 46 B.R. 426 (D.C.E.D.N.Y., 1984), aff'd, 762 F.2d 185 (2nd Cir., 1985); *In re Continental Investment Corp.,* 637 F.2d 8 (1st Cir.1980); *In re American Reserve Corp.,* 841 F.2d 159, 162 (7th Cir., 1987).

**6.** *In re Greenacre,* 103 B.R. 1 (Bkrtcy.Me., 1989); *In re Hallet,* 33 B.R. 564 (Bkrtcy.Me., 1983).

**7.** *In re Lion Capital Group,* 49 B.R. 163 (Bkrtcy. S.D.N.Y.1985).