**950**

In re Augustino T. DelFARNO, Debtor.

Bankruptcy No. 91-11324.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 16, 1992.

George M. Prescott, Lincoln, R.I., for debtor.

Peter J. Furness, Providence, R.I., for Arnold L. Blasbalg, Chapter 7 Trustee.

Steven P. DeLuca, Providence, R.I., for First Nat. Bank of Boston.

Office of the United States Trustee, Stephen Woodbury, Boston, Mass.

### ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Trustee's Application to Compromise various controversies among the Trustee, the Debtor, the Debtor's wife, and First National Bank of Boston. All of those parties consent to the compromise. We ordered the written position of the United States Trustee, who filed a response simply indicating that he "has no objection." [1]

We conducted a hearing on August 13, 1992 to afford the parties an opportunity to satisfy the Court of any benefit to the estate in approving the Compromise. We are not so moved.

The approval of applications to compromise are committed to the sound discretion of the bankruptcy court. *See In re Hydronic Enter., Inc.*, 58 B.R. 363, 365 (Bankr.D.R.I.1986). While policy considerations and judicial economy may favor approval of proposed settlements, the interests of creditors must remain paramount. *Id.* at 365; *In re C.P. del Caribe, Inc.*, 140 B.R. 320, 325 (Bankr.D.P.R.1992); *cf. Durrett v. Housing Auth. of Providence*, 896 F.2d 600, 604 (1st Cir.1990) ("courts are duty bound to scrutinize even voluntary settlement proposals") (Torruella, J., concurring). In this instance, the nub of the Trustee's argument in favor of approval is the anticipated cost and complexity of the litigation. While this is certainly one factor to be taken into consideration, we are not persuaded that the Trustee has made adequate efforts to protect the potential recovery for unsecured creditors. The assets here are substantial and the alleged conduct of the Trustee's adversaries, if proved, is most egregious.

*In re C.P. del Caribe, Inc.*, 140 B.R. 320, 325 (Bankr.D.P.R.1992).

---

1. The fact that the United States Trustee has not objected does not necessarily mean that the compromise is in the best interest of the estate.

Accordingly, in the present best interest of the estate, the Application to Compromise is DENIED, and the Trustee is ORDERED to proceed with the prosecution of any and all causes of action he may have. Failing that, or if the Trustee does not feel that he can proceed in good faith with this instruction, the Court will consider the appointment of a substitute or successor Trustee.