**In re Stephen BLOCK, Debtor.**

**No. 96–11813.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 28, 2003.

Robert D. Wieck, Esq., MacAdams & Wieck Incorporated, Providence, RI, for Marc D. Wallick, Chapter 7 Trustee.

Harold B. Murphy, Esq., Hanify & King, P.C., Boston, MA, for Nicholas E. Cambio.

Brian LaPlante, Esq., Carrara, LaPlante, Dayian & Sowa, LLP, Providence, RI, for Universal Properties Group, Inc.

## MEMORANDUM OF DECISION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Trustee's application to compromise the estate's claim against Universal Properties Group, Inc. and Nicholas Cambio (hereinafter collectively referred to as "Cambio"). Because I feel this Court presently is without jurisdiction, I am unable to act upon the Application. Assuming, however, for appellate purposes, that the matter is properly before me, the parties have provided absolutely no reason or justification to approve the proposed compromise, so I would deny the Application for that reason.

### TRAVEL AND BACKGROUND

A four day trial on the merits was held in this Court on February 28, 29, March 1, and 2, 2000, to determine the ownership of 44 undeveloped lots in Edgartown, Massachusetts. The Trustee claimed a one-half interest in the property, while Cambio asserted sole title to the entire property. After the hearing was concluded, but while the ownership issue was under advisement by this Court, Cambio clandestinely sold the *entire* property for $3.9 million, kept the proceeds, and concealed the sale and the receipt of nearly four million dollars from the Trustee. When news of Cambio's mischief[1] surfaced, the Trustee requested and obtained a temporary restraining order. With his hand in the cookie jar up to his armpit, Cambio placed 1 million dollars in escrow pending a determination of the ownership of the subject property.

On January 8, 2001, I ruled in a twenty-two page opinion that Stephen Block was the owner of an undivided one-half interest in the real estate, and that said interest became property of the estate upon the filing of the petition. *See Wallick v. Cambio (In re Block)*, 259 B.R. 498 (Bankr. D.R.I.2001). Pursuant to 11 U.S.C. § 363(h), the Trustee was authorized to sell the property, with the costs of sale to be borne equally by the parties. *Block*, 259 B.R. at 507.

On appeal of the January 2001 Order, the District Court heard oral arguments, reserved decision, and reportedly urged the parties to discuss settlement. At a mediation session before a magistrate judge, Cambio offered the Trustee $425,000 for his interest in the property, and a settlement report and recommendation was approved by the district judge. The report also provided that "the trustee is willing to petition the Bankruptcy Court for approval of said settlement if the settlement is recommended by Magistrate Judge Hagopian and said recommendation is accepted/approved by Chief Judge Ronald Lagueux." *See* Settlement Report, p. 2.

 The posture of this proceeding is: (1) an appeal is pending before the District Court; (2) no remand has been issued; (3) the District Court judge has accepted the Magistrate Judge's recommendation to settle this claim for $425,000; and (4) the parties have returned to this Court for "approval" of the settlement.

The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal. As stated in 9 Moore's Federal Practice, 2d ed., ¶ 203.11, pp. 734–36:

1. The seriousness of Cambio's actions are described conservatively in this civil litigation, but may well amount to criminal conduct in another forum.

"The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. . . . Thus, after a notice of appeal is timely filed, the district court has no power to vacate the judgment, or to grant the appellant's motion to dismiss the action without prejudice, or to allow the filing of amended or supplemental pleadings."

(Footnotes omitted.) [sic] *Accord, Ruby v. Secretary of the U.S. Navy*, 365 F.2d 385 (9th Cir.1966), *en banc, cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Corn v. Guam Coral Co.*, 318 F.2d 622 (9th Cir.1963); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir.1961). This rule is clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted.

*Bennett v. Gemmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 200 (9th Cir.1977); *see also Jusino v. Zayas*, 875 F.2d 986, 990 (1st Cir.1989) ("Technically, the district court lacked jurisdiction at that time and, before granting reconsideration, should have issued a brief memorandum asking us to remand"); *The Aetna Casualty & Surety Co. v. Markarian (In re Markarian)*, BAP No. MW 96–031, slip op. at 4–6, 33 Bankr.Ct.Dec. 603 (1st Cir. BAP November 20, 1998) (finding that once a case was on appeal, the bankruptcy court lacked jurisdiction to approve the parties' settlement on the merits, or to dismiss the adversary proceeding). *See* 28 U.S.C. § 2106, which provides:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review,

and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

Put simply, before me is a proposed compromise agreed to by the parties, recommended by a magistrate judge, and approved by a district judge, all before the District Court—with no mandate or remand issued.

■ Having expressed my jurisdictional concerns, I nevertheless feel compelled to express my disagreement with the proposed settlement. My ruling as to ownership was based on findings clearly adverse to Cambio on all issues of fact, credibility, and law, and for Cambio to walk away with nearly $3.5 million, based on the record before this Court is difficult to imagine. *See Block*, n. 9, 259 B.R. at 507.

I found at the conclusion of the hearing on the merits, and am still convinced that Cambio and the Trustee are 50–50 partners in the proceeds of the sale by Cambio.

■ It is the practice of this and other bankruptcy courts, prior to approving a proposed settlement, to consider the following factors:

1. The probability of success in the litigation;

2. The difficulties, if any, to be encountered in the matter of collection;

3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

4. The paramount interest of creditors and proper deference to their reasonable views.

*In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr.D.R.I.1986). The application of each of these factors militates against the proposed settlement. The parties have revealed here only that the com-

promise figure of $425,000 is a "negotiated sum," and that Cambio started "much lower than $425,000." No doubt he did, but without some detail as to what new facts were presented to support the compromise, there is no way to assess its reasonableness, nor has any reason been given for me to depart from the findings and conclusions in my January 8, 2001 decision. For example, was the $3.9 million sale price considered? What weight was given to Nick Cambio's testimony, which was rejected virtually in its entirety by this Court, see 259 B.R. at 507, or the specific findings that the majority of Mr. Cambio's testimony was "neither persuasive nor credible"? *Id.* at 504. Did the parties acknowledge that Cambio's claim for detrimental reliance damages, including development and marketing expenses and professional fees, was rejected because he presented absolutely no evidence to support this claim? *Id.* at 501, 506–07. As presented here, there is no indication of how the proposed number was arrived at. In the circumstances, I would deny the application to compromise, and refer the matter to the United States Attorney pursuant to 18 U.S.C. § 3057(a).

I also defer ruling on the fee application of Trustee's counsel until the adversary proceeding is concluded, when the benefit of his services to the estate will be more ascertainable.