**In re MARION CAREFREE LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 93-33011.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

July 12, 1994.

Verne Armstrong, Asst. U.S. Atty., Toledo, OH.

Brendan Collins, Dept. of Justice, Washington, DC.

Thomas Schafer, Office of Gen. Counsel, Dept. of Housing and Urban Development, Washington, DC.

John Gustafson, Toledo, OH, for Ltd. Partners of Marion Carefree Ltd. Partnership.

Richard Ricketts, Michelle Sutter, Columbus, OH, for debtor.

John Kennedy, Columbus, OH, for Westminster Mgmt.

Andrew Vara, Office of U.S. Trustee, Cleveland, OH.

**OPINION AND ORDER ALLOWING RICKETTS & ONDA'S APPLICATION FOR INTERIM PROFESSIONAL FEES AND EXPENSE**

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Ricketts & Onda's ("R & O") interim application for compensation and reimbursement of expenses as counsel for Marion Carefree Limited Partnership ("MCLP"). The United States Trustee has objected to the allowance of certain professional fees and the reimbursement of certain expenses. The United States of America ("HUD"), on behalf of the Department of Housing and Urban Development, has objected to disbursement of interim fees and expenses from MCLP's estate. R & O seeks compensation in the amount of $13,912.15 and reimbursement of expenses in the amount of $1,737.84. Upon consideration of R & O's interim fee application (the "Application"), the Court finds that R & O should be allowed interim professional fees and reimbursement of expenses of $12,699.60 and $1,737.84, respectively. The Court further finds that such interim fees and expenses should not be disbursed from MCLP's estate at the present time, subject to further order of this Court.

*FACTS*

**Summary of Professional Fees Requested by R & O**

R & O seeks the following professional fees:

| Professional | Hours | Rate | Total Fees |
|---|---|---|---|
| RTR | 20.41 | $175.00 | $3,571.75 |
| MTS | 57.36 | $135.00 | $7,743.60 |
| NJV | 10.92 | $110.00 | $1,201.20 |
| TSF | 19.75 | $ 60.00 | $1,185.00 |
| SKF | 3.51 | $ 60.00 | $ 210.60 |
| **Total Professional Fees Requested** | | | $13,912.15 |

R & O further seeks reimbursement of expenses in the amount of $1,737.84.

*DISCUSSION*

The Court concludes that the Application contains actual, necessary professional fees properly attributable to MCLP's bankruptcy estate in the amount of $12,699.60. The Court further concludes that the Application contains reimbursement of expenses which were actual and necessary to MCLP's bankruptcy estate in the amount of $1,737.84.

| | |
|---|---|
| **Total Professional Fees Requested** | $13,912.15 |
| Total Non-compensable Time | $ 1,212.55 |
| **Total Professional Fees Properly Attributable to MCLP's Estate** | $12,699.60 |

**The Court's Authority to Review R & O's Fee Application**

"The court is asked to approve an expenditure which will, to the extent allowed, reduce the debtor's estate. Therefore, it is clearly within the court's authority to review the reasonableness of the request." *In re Ohio Ferro–Alloys Corp.*, 96 B.R. 795, 799 (Bankr. N.D.Ohio 1989) (citations omitted); *see also In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 840–845 (3rd Cir.1994) (bankruptcy court has the power and the duty to review fee applications, notwithstanding the absence of objections); *In re CVC, Inc.*, 120 B.R. 874, 876 (Bankr.N.D.Ohio 1990) (withdrawal of objection to professional fees does not preclude court from determining the reasonableness of the professional fees requested).

**Burden of Proof**

R & O bears the burden of proof on its entitlement to professional fees by the preponderance of the evidence.

**The Instant Fee Application**

" '[T]he party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.' " *In re Navis Realty, Inc.*, 126 B.R. 137, 142 (Bankr.E.D.N.Y.1991) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 441, 103

S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (Burger, Chief Justice, concurring)); *see In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr.N.D.Ill.1989) (stating that "[t]he [c]ourt will not assume any expense is necessary") (citations omitted); *In re Affinito & Son, Inc.*, 63 B.R. 495, 498 (Bankr.W.D.Pa. 1986) ("[the] [c]ourt should not be ... expected to indulge in extensive labor to justify a fee for an attorney who has not done so") (citation omitted). A number of R & O's time entries, although providing some detail, do not provide the Court with adequate information to determine the nature of the services performed and the need for such services. Such entries do not satisfy R & O's burden.

Further, certain of the items charged by R & O apparently represent services which are not within the scope of R & O's employment as counsel for MCLP's estate. *In re By-Rite Oil Co.*, 87 B.R. 905, 915 (Bankr.E.D.Mich.1988).

Therefore, the following professional fees are noncompensable:

| Description | | Hours | Rate | Total |
|---|---|---|---|---|
| ASC | Telephone call to J. Kennedy re progress of assignment of interest in Debtor and status of review of draft Plan submitted by Debtor 12/3/93 | .08 | $110.00 | $ 8.80 |
| RTR | Telephone call from J. Kennedy re Management Agreement and Plan 12/6/93 | .17 | $175.00 | $ 29.75 |
| RTR | Telephone call from T. Stewart re meeting with limited partners to further Plan 1/7/94 | .17 | $175.00 | $ 29.75 |
| MTS | Attention to creditors issues 1/11/94 | .08 | $135.00 | $ 10.80 |
| MTS | Attention to management agreement and review of same | 1.00 | $135.00 | $135.00 |
| RTR | Telephone conference with T. Stewart 1/18/94 | .25 | $175.00 | 33.75 |
| NJV | Conference with J. Kennedy re review of debtors proposed plan of reorganization 1/20/94 | .17 | $110.00 | 18.70 |
| RTR | Telephone call to T. Stewart re status of negotiations with limited partners 1/20/94 | .17 | $175.00 | 29.75 |
| MTS | Attention to case matters 1/27/94 | .33 | $135.00 | 44.55 |
| MTS | Telephone call from T. Stewart re status of discussions with ltd partners 1/28/94 | .17 | $135.00 | 22.95 |
| MTS | Telephone call from J. Kennedy re issues 1/31/94 | .17 | $135.00 | 22.95 |
| MTS | Work on Marion Carefree 2/1/94 | .17 | $135.00 | 22.95 |
| MTS | Review John Kennedy's letter re plan 2/1/94 | .08 | $135.00 | 10.80 |
| MTS | Conference with RTR re status. Telephone call from John Kennedy re plan. 2/2/94 | .25 | $135.00 | 33.75 |
| RTR | Review letter from J. Kennedy re Plan of Reorganization 2/2/94 | .17 | $175.00 | 29.75 |
| RTR | Telephone call from T. Stewart 2/8/94 | .08 | $175.00 | 14.00 |
| MTS | Preparation of exchange agreement 2/9/94 | .33 | $135.00 | 44.55 |
| MTS | Telephone call from John Kennedy re plan & disclosure statement 2/9/94 | .08 | $135.00 | 10.80 |
| RTR | Follow up re proposal from T. Stewart 2/9/94 | .08 | $175.00 | 14.00 |
| RTR | Review letter from J. Kennedy 2/11/94 | .08 | $175.00 | 14.00 |
| MTS | Telephone call to G. Humphrey re potential acquisition of GP interest 2/14/94 | .08 | $135.00 | 10.80 |
| MTS | Review management contract | .41 | $135.00 | 55.35 |
| RTR | Conference call with T. Stewart and Carl Fry re Plan and Management Agreement 2/14/94 | 2.50 | $175.00 | 437.50 |
| MTS | Conference re status of discussions with G. Humphrey 2/16/94 | .08 | $135.00 | 10.80 |
| RTR | Telephone call from G. Humphrey re review of documents 2/16/94 | .33 | $175.00 | 57.75 |

| Description | | Hours | Rate | Total |
|---|---|---|---|---|
| TSF | Telephone call to Secretary of State re corporate status of Westminster. Draft exchange option agreement 2/17/94 | .75 | $ 60.00 | 45.00 |
| RTR | Finalization of letter to G. Humphrey | .08 | $175.00 | 14.00 |
| | | | Total | $1,212.55 |

---

The Court further finds that the Application contains the reimbursement of actual, necessary expenses of MCLP's bankruptcy estate in the amount of $1,737.84. Notwithstanding this fact, the Court cannot condone MCLP's failure to fully document expenses in excess of $25.00. *See United States Bankruptcy Court for the Northern District of Ohio Guidelines for Compensation and Expense Reimbursement of Professionals.*

**Whether R & O Has Carried Its Burden of Demonstrating That Unencumbered Assets Exist for Payment of Its Fees**

In view of the fact that neither R & O nor MCLP have provided the Court with sufficient proof that unencumbered assets presently exist to pay R & O's fees or that R & O's services have benefitted HUD's collateral, the Court may not authorize a current disbursement in satisfaction of R & O's professional fees and expenses. *See General Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Food Serv. Corp.),* 739 F.2d 73 (2nd Cir.1984) (payment of interim professional fees from creditor's collateral inappropriate absent proof that professionals' services benefitted creditor); *In re Vernon Sand & Gravel, Inc.,* 109 B.R. 255 (Bankr.N.D.Ohio 1989) (sustaining objection to attorney's fee request where estate did not contain sufficient funds to pay certain other administrative claims pro rata); *In re By–Rite Oil Co.,* 87 B.R. at 905 (refusing to permit disbursement of attorney's interim compensation where there was no assurance that secured claim would be satisfied); *In re Mobile Air Drilling Co.,* 53 B.R. 605 (Bankr.N.D.Ohio 1985) (superpriority claim under § 507(b) had priority over professional fees under § 507(a)(1)); *see also Central Bank of Montana v. Cascade Hydraulics And Util. Serv., Inc. (In re Cascade Hydraulics and Util. Serv., Inc.),* 815 F.2d 546 (9th Cir.1987) (bankruptcy court committed reversible error in permitting payment of administrative expenses from sale of secured creditor's collateral where claimant did not establish benefit to collateral); *c.f. Varsity Carpet Services, Inc. v. Richardson (In re Colortex Indus., Inc.),* 19 F.3d 1371, 1384 (11th Cir.1994) (bankruptcy court did not abuse discretion in denying immediate payment of administrative expense where other claims existed with potentially higher priority).

In light of the foregoing, it is therefore

ORDERED that R & O's application for interim compensation and reimbursement of expenses be, and it hereby is, allowed in the amount of $12,699.60 for professional fees and $1,737.84 for reimbursement of expenses. It is further

ORDERED that MCLP shall not disburse said funds from the estate at the present time, subject to further Order of this Court.